AF Approval _AMu_                                    Chief Approval _ACO_

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                          CASE NO. 6:18-cr- _131-Orl-41KRS_

DEEPAK DESHPANDE

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by

Maria Chapa Lopez, United States Attorney for the Middle District of

Florida, and the defendant, DEEPAK DESHPANDE, and the attorney for

the defendant, Mark J. O'Brien, Esq., mutually agree as follows:

### A.    **Particularized Terms**

1.    Counts Pleading To

The defendant shall enter a plea of guilty to Counts Two and

Three of the Indictment. Count Two charges the defendant with production

of child pornography, in violation of 18 U.S.C. § 2251(a) and (e). Count

Three charges the defendant with enticement of a minor to engage in unlawful

sexual activity, in violation of 18 U.S.C. § 2422(b).

2.    Minimum and Maximum Penalties

Count Two is punishable by a mandatory minimum term of

imprisonment of 15 years up to 30 years, a fine of $250,000, a term of

Defendant's Initials _____

supervised release of at least 5 years, up to life, and a special assessment of
$100 per felony count for individuals.

Count Three is punishable by a mandatory minimum term of
imprisonment of 10 years up to life, a fine of $250,000, a term of supervised
release of at least 5 years, up to life, and a special assessment of $100 per
felony count for individuals.

With respect to certain offenses, the Court shall order the
defendant to make restitution to any victim of the offenses, and with respect to
other offenses, the Court may order the defendant to make restitution to any
victim of the offenses, or to the community, as set forth below.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a
$5,000 special assessment on any non-indigent defendant convicted of an
offense in violation of certain enumerated statutes involving: (1) peonage,
slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation
and other abuse of children; (4) transportation for illegal sexual activity; or (5)
human smuggling in violation of the Immigration and Nationality Act
(exempting any individual involved in the smuggling of an alien who is the
alien's spouse, parent, son or daughter).

Defendant's Initials _____                          2

### 3. Elements of the Offenses

The defendant acknowledges understanding the nature and elements of the offenses with which defendant has been charged and to which defendant is pleading guilty. The elements of Count Two are, with respect to production of child pornography:

First: An actual minor, that is, a real person who was less than 18 years old, was depicted;

Second: The Defendant employed, used, persuaded, induced, enticed, or coerced the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct;

Third: Either (a) the Defendant knew or had reason to know that the visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce; (b) the Defendant knew or had reason to know that the visual depiction would be transported or transmitted in or affecting interstate or foreign commerce; (c) the visual depiction was produced or transmitted using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer; (d) the visual depiction was actually transported or transmitted using any means or facility of interstate or foreign commerce; or (e) the visual depiction was actually transported or transmitted in or affecting interstate or foreign commerce.

The elements of Count Three are:

First: The defendant knowingly persuaded, induced, enticed, or coerced an individual to engage in sexual activity, as charged;

Defendant's Initials _____ 3

Second:    The defendant used any facility or means of
           interstate commerce to do so;

Third:     When the defendant did these acts, the individual
           was less than 18 years old; and

Fourth:    A person engaging in the sexual activity could have been
           charged with a criminal offense under the law of Florida.

4.    Counts Dismissed

At the time of sentencing, the remaining counts against the

defendant, Counts One and Four, will be dismissed pursuant to Fed. R. Crim.

P. 11(c)(1)(A).

5.    No Further Charges

If the Court accepts this plea agreement, the United States

Attorney's Office for the Middle District of Florida agrees not to charge

defendant with committing any other federal criminal offenses occurring

between July 2017 and May 12, 2018, and known to the United States

Attorney's Office at the time of the execution of this agreement, related to the

conduct giving rise to this plea agreement.

6.    Mandatory Restitution to Victims of Offense of Conviction

Pursuant to 18 U.S.C. § 2259, defendant agrees to make

restitution to the victim of the offenses for the full amount of the victim's

losses as determined by the Court. Further, pursuant to 18 U.S.C.

Defendant's Initials  _____                    4

§ 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victim's losses are not ascertainable prior to sentencing.

7. Cooperation - Substantial Assistance to be Considered

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation

Defendant's Initials ____ 𝒜𝓇 ____                5

qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8.    Use of Information - Section 1B1.8

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

9.    Cooperation - Responsibilities of Parties

a.    The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime. However,

Defendant's Initials _____                    6

the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

     b.   It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

     (1)   The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

     (2)   The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights,

Defendant's Initials _____        7

as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)     The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)     The government may use against the defendant the defendant's own admissions and statements and the information and books,

Defendant's Initials _____     8

papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)     The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

10.     Forfeiture of Assets

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. §§ 2253 and 2428, whether in the possession or control of the United States, the defendant or defendant's nominees.

The assets to be forfeited specifically include, but are not limited to, the following: Canon video camera – Vixia HSX200; Nikon D810 still camera; and Lumix DMC-GH4 still camera, which assets were used to commit the offenses.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative

Defendant's Initials _____                    9

forfeiture action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further

Defendant's Initials ___乂___          10

agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.

The defendant agrees that the United States is not limited to forfeiture of the property specifically identified for forfeiture in this Plea

Defendant's Initials ___𝓎___                 11

Agreement. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. The Defendant expressly consents to the forfeiture of any substitute assets sought by the Government. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

Defendant's Initials ___*k*___                12

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including satisfaction of any preliminary order of forfeiture for proceeds.

11.    Abandonment of Property - Computer Equipment

The United States of America and defendant hereby agree that any computer equipment as defined in 18 U.S.C. § 2256, seized from the defendant and currently in the custody and/or control of the Federal Bureau of Investigation or other appropriate agency, were properly seized and are subject to forfeiture to the government according to 18 U.S.C. §§ 2253 or 2254, and/or that the computer equipment and peripherals constitute evidence, contraband, or fruits of the crime for which he has pled guilty. As such, defendant hereby relinquishes all claim, title and interest he has in the computer equipment and peripherals to the United States of America with the understanding and consent that the Court, upon approval of this agreement, hereby directs the Federal Bureau of Investigation, or other appropriate

Defendant's Initials ___ℵ___                    13

agency, to cause the computer equipment described above to be destroyed forthwith without further obligation or duty whatsoever owing to defendant or any other person.

As part of the plea agreement in this case, defendant hereby states under penalty of perjury that he is the sole and rightful owner of the property, and that defendant hereby voluntarily abandons all right and claim to and consents to the destruction of:

- Black iPhone X;
- White iPhone X;
- iPhone SE – IMEI 355800079265660;
- Black iPhone Plus – IMEI 866265036974592;
- Macbook Pro, serial no. CO2KGONUFFT3;
- iPhone Silver, model A1660;
- San Disk 32GB compact flash card with reader;
- Four Lexar Professional 64 GB SD cards;
- LX Series 64 GB SD card;
- Lexar Platinum II 32 GB SD card;
- SanDisk Micro SD adaptor;
- Kingston 32 GB SD card; and
- LX Series 32 GB SD card.

Defendant's Initials _ 𝒜 _      14

12. Sex Offender Registration and Notification

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

13. Removal - Notification

The defendant has been advised and understands that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, the offense to which defendant is pleading guilty may be a removable offense.

Defendant's Initials ____ 15

Removal and other immigration consequences are the subject of a separate
proceeding, however, and the defendant understands that no one, including
the defendant's attorney or the district court, can predict to a certainty the
effect of the defendant's conviction on the defendant's immigration status.
The defendant nevertheless affirms that the defendant wants to plead guilty
regardless of any immigration consequences that may result from the
defendant's guilty plea, even if the consequence is the defendant's automatic
removal from the United States following completion of the defendant's
sentence.

**B.    Standard Terms and Conditions**

    1.    Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition
to or in lieu of any other penalty, shall order the defendant to make restitution
to any victim of the offenses, pursuant to 18 U.S.C. § 3663A, for all offenses
described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant
to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663,
including restitution as to all counts charged, whether or not the defendant
enters a plea of guilty to such counts, and whether or not such counts are
dismissed pursuant to this agreement. The defendant further understands that
compliance with any restitution payment plan imposed by the Court in no

Defendant's Initials    _       16

way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (28 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. To ensure that this obligation is satisfied, the Defendant agrees to deliver a check or money order to the Clerk of the Court in the amount of $200, payable to "Clerk, U.S. District Court" within ten days of the change of plea hearing.

The defendant understands that this agreement imposes no limitation as to fine.

2. Supervised Release

The defendant understands that the offenses to which the defendant is pleading provide for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

Defendant's Initials __ __                    17

3.   Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

4.   Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the counts to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.   Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant

Defendant's Initials ____                    18

promises that his financial statement and disclosures will be complete,
accurate and truthful and will include all assets in which he has any interest or
over which the defendant exercises control, directly or indirectly, including
those held by a spouse, dependent, nominee or other third party. The
defendant further agrees to execute any documents requested by the United
States needed to obtain from any third parties any records of assets owned by
the defendant, directly or through a nominee, and, by the execution of this
Plea Agreement, consents to the release of the defendant's tax returns for the
previous five years. The defendant similarly agrees and authorizes the United
States Attorney's Office to provide to, and obtain from, the United States
Probation Office, the financial affidavit, any of the defendant's federal, state,
and local tax returns, bank records and any other financial information
concerning the defendant, for the purpose of making any recommendations to
the Court and for collecting any assessments, fines, restitution, or forfeiture
ordered by the Court. The defendant expressly authorizes the United States
Attorney's Office to obtain current credit reports in order to evaluate the
defendant's ability to satisfy any financial obligation imposed by the Court.

6.   Sentencing Recommendations

It is understood by the parties that the Court is neither a party to
nor bound by this agreement. The Court may accept or reject the agreement,

Defendant's Initials _____  19

or defer a decision until it has had an opportunity to consider the presentence
report prepared by the United States Probation Office. The defendant
understands and acknowledges that, although the parties are permitted to
make recommendations and present arguments to the Court, the sentence will
be determined solely by the Court, with the assistance of the United States
Probation Office. Defendant further understands and acknowledges that any
discussions between defendant or defendant's attorney and the attorney or
other agents for the government regarding any recommendations by the
government are not binding on the Court and that, should any
recommendations be rejected, defendant will not be permitted to withdraw
defendant's plea pursuant to this plea agreement. The government expressly
reserves the right to support and defend any decision that the Court may make
with regard to the defendant's sentence, whether or not such decision is
consistent with the government's recommendations contained herein.

7.    Defendant's Waiver of Right to Appeal the Sentence

        The defendant agrees that this Court has jurisdiction and
authority to impose any sentence up to the statutory maximum and expressly
waives the right to appeal defendant's sentence on any ground, including the
ground that the Court erred in determining the applicable guidelines range
pursuant to the United States Sentencing Guidelines, except (a) the ground

Defendant's Initials ___ ⃫ ___                    20

that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8. Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9. Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

Defendant's Initials ___ 21

### 10. Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant

Defendant's Initials _____ 22

pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.  Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.  Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials  �⟋⟍                23

13.    Certification

The defendant and defendant's counsel certify that this plea

agreement has been read in its entirety by (or has been read to) the defendant

and that defendant fully understands its terms.

DATED this _____ day of October, 2018.

MARIA CHAPA LOPEZ
United States Attorney

DEEPAK DESHPANDE
Defendant

Emily C. L. Chang
Assistant United States Attorney

Mark J. O'Brien, Esq.
Attorney for Defendant

Sara C. Sweeney
Assistant United States Attorney
Deputy Chief, Orlando Division

Defendant's Initials _____                24

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 6:18-cr- 131- 011- 41 KRS

DEEPAK DESHPANDE

### PERSONALIZATION OF ELEMENTS

As to Count Two:

First: Was an actual minor, that is, a real person who was less than 18 years old, depicted?

Second: Did you employ, use, persuade, induce, entice, or coerce the minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct?

Third: Is at least one of the following true: (a) you knew or had reason to know that the visual depiction would be transported or transmitted using any means or facility of interstate or foreign commerce; (b) you knew or had reason to know that the visual depiction would be transported or transmitted in or affecting interstate or foreign commerce; (c) the visual depiction was produced or transmitted using materials that had been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer; (d) the visual depiction was actually transported or transmitted using any means or facility of interstate or foreign commerce; or (e) the visual depiction was actually transported or transmitted in or affecting interstate or foreign commerce?

Defendant's Initials ___ 25

As to Count Three:

First:      Did you knowingly persuade, induce, entice, or
            coerce an individual to engage in sexual activity, as
            charged?

Second:     Did you use any facility or means of interstate
            commerce to do so?

Third:      When you did these acts, was the individual less
            than 18 years old?

Fourth:     Could a person engaging in the sexual activity have been
            charged with a criminal offense under the law of Florida?

Defendant's Initials ____                          26

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

UNITED STATES OF AMERICA

v.

CASE NO. 6:18-cr- *131-Orl-41KRS*

DEEPAK DESHPANDE

### FACTUAL BASIS

Beginning on or about March 30, 2018, through on or about April 1,
2018, in the Middle District of Florida, the defendant, DEEPAK
DESHPANDE, did employ, use, persuade, induce, entice, and coerce a
minor, to engage in sexually explicit conduct for the purpose of producing a
visual depiction of such conduct, knowing and having reason to know that
such visual depiction would be transported and transmitted using any means
and facility of interstate and foreign commerce, and knowing and having
reason to know that such visual depiction would be transported and
transmitted in and affecting interstate and foreign commerce, and the visual
depiction was produced and transmitted using materials that had been mailed,
shipped, and transported in and affecting interstate and foreign commerce by
any means, including by computer, and the visual depiction was actually
transported and transmitted using any means and facility of interstate and

Defendant's Initials _____         27

foreign commerce, and the visual depiction was actually transported and transmitted in and affecting interstate and foreign commerce.

In addition, from a date unknown, but at least from on or about March 30, 2018, through and including on or about April 1, 2018, in the Middle District of Florida, and elsewhere, DESHPANDE, using a facility and means of interstate commerce, that is, the Internet and a cell phone, did knowingly persuade, induce, entice, and coerce an individual who had not attained the age of 18 years, to engage in sexual activity for which a person could be charged with a criminal offense. Florida Statute Section 794.05 prohibits a person 24 years of age or older to engage in sexual activity with a person 16 or 17 years of age. At all times relevant to the Indictment, DESHPANDE was 40 years old and the child victim (CV) was 16 years old. CV told DESHPANDE he/she was 16 years old.

Beginning in or about July 2017, DESHPANDE—posing as a modeling agent named "Devin"—initially met CV online when he responded to an advertisement that CV had posted, seeking a modeling opportunity. DESHPANDE and CV communicated via various internet applications, and DESHPANDE eventually convinced CV to send nude images to him via the internet, which he/she did on multiple occasions.

Defendant's Initials _____          28

Shortly thereafter, DESHPANDE—posing as a modeling agent named "Nick Cuban" who knew "Devin"—contacted CV through an internet messaging application. In his persona as "Nick," DESHPANDE again convinced CV to send nude images of himself/herself to him via the internet, which he/she did on multiple occasions.

In addition, at some point after CV's initial contact with DESHPANDE posing as "Nick," CV posted yet another advertisement online seeking a modeling opportunity. DESHPANDE then contacted CV again—this time posing as "Roger." DESHPANDE (posing as "Roger") again convinced CV to send nude images to him via the internet, which he/she did on multiple occasions. DESHPANDE also threatened to disseminate the nude images of CV over the "dark web" if he/she did not continue to produce nude images of himself/herself and send the images to him.

DESHPANDE stopped masquerading as "Devin" in or about September 2017; at that time, DESHPANDE (posing as "Nick") told CV that "Devin" had been arrested for money laundering in the United Kingdom and was under house arrest. DESHPANDE continued posing as "Nick" and "Roger" in his communications with CV, however, and used those personas in furtherance of his efforts to extort CV into producing and sending more child pornography to him via the internet.

Defendant's Initials _____       29

In or about September 2017, DESHPANDE (posing as "Nick") traveled from his home in Dublin, California, to Orange County, Florida, in the Middle District of Florida, to meet CV in person for the first time. He picked CV up, then drove to a hotel in Orange County, Florida, in the middle of the night. There, he took photographs of CV in outfits that he had asked CV in advance to bring. He also photographed CV in various states of undress, and took nude photos of him/her.

DESHPANDE also recorded videos of himself sexually assaulting CV multiple times. In addition, DESHPANDE gave CV alcohol and/or cannabis drops to encourage him/her to relax.

DESHPANDE (posing as "Nick" and "Roger") maintained regular contact with CV between September 2017 and April 2018, and consistently persuaded him/her to produce and transmit via the internet pornographic images of CV. In addition, when CV's cellular phone broke, DESHPANDE (posing as "Nick") mailed CV an Android Nexus 6P cellular phone so that they could stay in contact. A review of that phone revealed that during the course of a cybersex conversation between CV and DESHPANDE (posing as "Nick"), CV sent photographs of a naked vagina to DESHPANDE, and DESHPANDE sent CV a photograph of his erect penis.

Defendant's Initials _____    30

Between in or about September 2017 and in or about April 2018, DESHPANDE (posing as "Nick") traveled from his home in California, to Orlando, Florida, approximately four additional times to meet with CV. One of those visits occurred from March 30 to April 1, 2018. During each visit, he produced videos of himself engaging in sexual intercourse with CV multiple times, using a Canon Vixia HSX200 video camera, Nikon D810 still camera, and Lumix DMC-GH4 still camera. During those visits, DESHPANDE used alcohol and/or drugs to help CV relax. In addition, DESHPANDE gave CV small sums of money and gifts, including pairs of earrings and body lotions.

The Federal Bureau of Investigation (FBI) began investigating DESHPANDE in early May 2018. On May 7, 2018, the FBI learned that DESHPANDE had attempted to contact CV through Google Hangouts, an online application. In response, FBI Special Agent Kevin Kaufman (the "UC"), acting in an undercover capacity and posing as CV, sent DESHPANDE a Google Hangouts message. DESHPANDE replied, and the UC proceeded to exchange a series of communications with DESHPANDE for the next several days.

During those communications, DESHPANDE asked to meet with the UC again in Orlando, Florida. At one point, he instructed the UC to bring "all your lingeries" and "all the outfits we shot on before as well." When the

Defendant's Initials _____     31

UC asked, "How many hours we looking at??" DESHPANDE responded, "As much as you can. This will be the last tape you will do."

On May 12, 2018, the FBI arrested DESHPANDE at the Orlando International Airport shortly after he disembarked his flight. The FBI searched DESHPANDE's backpack and luggage and found multiple iPhones, multiple cameras, a camera stand, Vidalista tablets (for enhancing male sexual performance), handcuffs, a dildo, a blindfold mask, and sexual lubricant.