UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,

v.                                                                          CASE NO. 6:18-cr-131-Orl-41KRS

DEEPAK DESHPANDE.

_____/

## DEFENDANT'S SENTENCING MEMORANDUM

**I.      Introduction.**

A life sentence is the second most severe sentence allowed under American law, and it is the most severe sentence this Court can impose upon Mr. Deshpande. The United States argues that "[i]n light of the grave and violent offenses committed by the defendant, and his history and characteristics, a life sentence in this case will achieve the purposes of sentencing." (Doc. No. 69 at 2). The United States includes with this argument sometimes subtle, and other times stark, emotive phrases and words[1]: "[t]he defendant is a dangerous sexual predator." (Doc. No. 69 at 2). "And what if the would-be hitman had not been fictitious?" (Doc. No. 69 at 10). "The defendant . . . enjoyed significant educational and career opportunities . . . abundant financial resources . . . [and] a loving family. But instead of *faithfully* stewarding all that he had been given, the defendant *squandered* it on power and sex—at the expense of an *innocent* 16-year-old

---

[1] "Legal argument, discourse, and rhetoric are awash with [informal] logical fallacies . . . [such as] the appeal to pity . . . the red herring . . . fallacies of personal attack (such as . . . the fallacy of poisoning the well), [and] the appeal to terror, fear, or force . . ." Brett G. Scharffs, *The Character of Legal Reasoning*, 61 Wash. & Lee L. Rev. 733, 778–79 (2004).

girl." (Doc. No. 69 at 11) (emphasis added); "CV is the only victim identified thus far. How many others have there been?" (Doc. No. 69 at 12).

Emotive language aside, there are really only three overarching questions that this Court must answer before it determines whether it agrees with the United States, or if something less than a life sentence is consistent with the goals—and with the limiting principles—of federal sentencing. And, none of these questions require that this Court adjudge what might have happened "if the would-be hitman had not been fictitious," or whether Mr. Deshpande "squandered" "all that he had been given," or whether the accusing witness is an "innocent 16-year-old girl," or whether there have been other victims etc.

Instead, in light of the way this case has progressed since Mr. Deshpande entered his guilty pleas, what this Court must actually decide is as follows: 1) what happened, 2) what Mr. Deshpande's total offense level and criminal history category should be, and 3) what sentence will be "sufficient, *but not greater than necessary*,"[2] to comply with the purposes of federal sentencing set forth in 18 U.S.C. § 3553(a)(2).

## II. **Disputes of Fact.**

Pursuant to Fed. R. Crim. P. 32(i)(3)(B), "[a]t sentencing, the court . . . may accept any undisputed portion of the presentence report as a finding of fact [but] must--for any disputed portion of the presentence report or other controverted matter--rule on the dispute or determine

---

[2] The United States argues that a life sentence "will achieve the purposes of sentencing." (Doc. No. 69 at 2). However, it does not articulate precisely why a life sentence is "not greater than necessary" to achieve these purposes. 18 U.S.C. § 3553(a)(2).

2

that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Moreover, "when a defendant challenges one of the factual bases of his sentence, the government has the burden of proving the disputed fact by a preponderance of the evidence." *United States v. Philidor*, 717 F.3d 883, 885 (11th Cir. 2013).

On February 15, 2019, Mr. Deshpande filed series of objections to the PSR that challenged a substantial portion of the United States' factual assertions about Mr. Deshpande's role in the offense, about the discrete acts that the United States alleges are part of the overall offense conduct, and about a wide range of conduct that will affect the calculation of his guidelines range and will otherwise influence his sentence under 18 U.S.C. § 3553(a) (*e.g.* whether Mr. Deshpande engaged in a murder-for-hire plot as the United States alleges).

Accordingly, the United States still bears the burden of proving many of the facts it asserts in its sentencing memorandum, and this Court must make a variety of factual findings before it proceeds to calculating the guidelines and rendering a sentence.

### III.   Guidelines.

Probation has calculated Mr. Deshpande's guidelines range at a total offense level of 43 and a criminal history category I (life imprisonment). The United States agrees with Probation. Mr. Deshpande has tendered a series of objections to this calculation. If he prevails on all of his objections, he agrees with Probation that his total offense level would be 36 and his criminal history would remain a category I (188–235 months). (PSR at 30). Mr. Deshpande will reserve for sentencing specific arguments in support of any unabandoned objections to the calculation of his guidelines range.

IV.     **18 U.S.C. § 3553(a) Sentencing Factors.**

Mr. Deshpande has not tendered any substantive objections to the offender characteristics set forth in the PSR.  He will generally rely on these facts as well as any additional evidence admitted at sentencing in his argument regarding his history and characteristics.

However, Mr. Deshpande has tendered a substantial number of objections to the offense conduct set forth in the PSR.  Mr. Deshpande will therefore reserve argument on the nature and circumstances of the offense for sentencing.

Mr. Deshpande also will reserve argument on the remaining sentencing factors for sentencing.

## Certificate of Service

I hereby certify that on March 11, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.

Respectfully submitted,

By: /s/Sean M. Wagner
    Sean M. Wagner
    Florida Bar No. 14042
    Wagner & Wagner, P.A.
    Attorney for Deepak Deshpande
    1900 S. Harbor City Blvd., Suite 124
    Melbourne, FL 32901
    Telephone: (321) 433-0737
    Fax: (800) 516-8243
    E-mail: swagner@wagner-wagner.net