```
                                                                    1

1                    UNITED STATES DISTRICT COURT
                      MIDDLE DISTRICT OF FLORIDA
2                         ORLANDO DIVISION

3    - - - - - - - - - - - - - - - -X
     UNITED STATES OF AMERICA,       :
4                                    :
                                     :   Case No.:
5           Plaintiff,               :   6:18-cr-131-Orl-41LRH
                                     :
6    vs.                             :
                                     :   Orlando, Florida
7    DEEPAK DESHPANDE,               :   March 11, 2019
                                     :   12:00 p.m.
8                                    :
            Defendant.               :
9                                    :
     - - - - - - - - - - - - - - - -X
10
              TRANSCRIPT OF TELEPHONIC STATUS CONFERENCE
11             BEFORE THE HONORABLE CARLOS E. MENDOZA
                    UNITED STATES DISTRICT JUDGE
12

13
     APPEARANCES:
14
       Counsel for Plaintiff:      Emily Chang
15
       Counsel for Defendant:      Sean Wagner
16

17

18

19

20
     Proceedings recorded by mechanical stenography.
21   Transcript produced by computer-aided transcription.

22
     Court Reporter:   Suzanne L. Trimble, CCR, CRR, RPR
23                     Federal Official Court Reporter
                       401 West Central Boulevard, Suite 4600
24                     Orlando, Florida 32801
                       e-mail: trimblecourtreporter@gmail.com
25
```

2

1                    P R O C E E D I N G S

2        THE COURTROOM DEPUTY: This is the case of United

3 States of America v. Deepak Desphande, Case No. 6:18-cr-131.

4        Will counsel please state their appearances for the

5 record?

6        MS. CHANG: Good morning, Your Honor. Emily Chang

7 on behalf of the United States.

8        MR. WAGNER: Good morning. Sean Wagner on behalf of

9 Mr. Desphande.

10       THE COURT: All right. Good morning.

11       Let's talk about the motion to withdraw plea first,

12 and then we'll talk about any continuances. So starting, is

13 there anything, Mr. Wagner, you would like to say in terms of

14 supplementing your written motion with any additional argument

15 at this time on the motion to withdraw? The Government has

16 had a chance to respond, and I've had a chance to review the

17 record.

18       MR. WAGNER: No, sir. The only -- well, I guess the

19 only thing I would say is I do think some of these issues

20 require an evidentiary hearing. I don't know if the -- if the

21 record will answer all of the facts. I'll give you an

22 example. The Government has alleged that Mr. Desphande's

23 discussion with his attorney, prior attorney, you know, would

24 support an inference that he had discussed the guidelines with

25 his prior attorney and that he did understand the effects the

1  guidelines would have on his sentence.
2         That may or may not be true, but I just don't think
3  that the record or any of the statements that have been made
4  in the motions or otherwise necessarily support that
5  inference.  I mean, it's very possible, for instance, he may
6  have spoken to his attorney about certain aspects of the
7  guidelines, the Rule 5K1.1 or the statutory basis for a
8  variance from a minimum mandatory but never discussed the
9  effects the guidelines would have on his overall sentence.  So
10 I really think the Court in order to make that finding would
11 have to hear some evidence.
12        There are some other, you know, various claims like
13 that, but that's the one that stands out to me, and I think
14 that's a general statement that can stand for the document as
15 a whole.
16        THE COURT:  All right.  I just have a couple of
17 questions about the motion because it seems to me it's broken
18 down into two parts.  Number one, it's alleged in the motion
19 that the plaintiff -- or beg your pardon -- the defendant lied
20 to the Court under oath, and he's telling the truth now when
21 informing the Court that he lied previously, but even more
22 disconcerting for the Court is sort of the allegation,
23 although one might say it's indirect, that Mr. O'Brien was
24 suborning perjured testimony.  So I need to know this.  That's
25 a pretty heavy allegation.

1    MR. WAGNER: Yes, sir.
2    THE COURT: Other than what your client has told
3  you, have you independently corroborated any of this
4  information? Is it all coming from your client, or do you
5  have something else?
6    MR. WAGNER: It's mostly coming from my client. I
7  did have a discussion with Mr. O'Brien. It does seem to lend
8  some veracity to the claim that they may have been at least
9  intending to work with the Special Counsel's Office. But
10 these are mostly -- by and large, for the most part,
11 Mr. Desphande's statements.
12   As his attorney, I, you know, am not necessarily
13 adopting them as my own belief. I did want to make that very
14 clear. But I also feel like I have an obligation to present
15 his claims to the Court in a way that's, you know,
16 appropriate.
17   THE COURT: I mean, the law in this circuit is
18 abundantly clear. You're saying that you have concerns that
19 you believe require an evidentiary hearing with regard to the
20 guideline calculations, but I went over that with him. I
21 didn't go over it with him with apparently the specificity
22 that you're wanting me to -- that you're wanting to bring out
23 in an evidentiary hearing, but every single issue brought up
24 in your motion requires me to believe that he either lied on
25 his own or was coached or someone was suborning perjured

1  testimony to the Court.  I mean, I understand what your
2  argument is.  But it seems that everyone single one of the
3  claims made in the motion to withdraw the plea are directly
4  contradicted by his own sworn testimony at the change of plea
5  hearing.
6          So I understand.  I'm going to take a closer look at
7  what you just argued with regard to the guideline
8  calculations, but there's a reason I do my own change of
9  pleas, and there's a reason I take very -- I pay close
10 attention to what I'm asking.
11         All right.  So, Ms. Chang, is there anything you
12 want to argue?
13         MS. CHANG:  Not in addition to what I shared, but
14 with respect to this allegation about this Special Counsel's
15 Office, I can tell the Court that the defendant did tell us
16 back when Mr. O'Brien was representing him that he wanted to
17 provide and cooperate information regarding the Special
18 Counsel's -- Special Counsel's investigation.  That's not a
19 secret to us.  That's not new to us.  That part is true.
20         The part about working directly with the Special
21 Counsel's Office, that's -- we are unaware of that.  It was,
22 you know, my discussion with Mr. O'Brien that he would meet
23 with our agents from the outset, and we would go from there,
24 and that's what happened in fact.
25         In case that background is helpful at all to the

1  Court, I wanted to just make that point clear.
2          THE COURT:  All right.  I'll take that under
3  advisement.
4          Is there anything else, Mr. Wagner, you want to say?
5  I think it's still your position you need an extra 30 days to
6  prepare for sentencing.  Is there anything else you would like
7  to add to that?
8          MR. WAGNER:  No.  And I think a lot of my requests
9  would depend on whether or not the Court is going to require
10 an evidentiary hearing.  The offer to bifurcate the
11 proceedings is one that I've considered.  And I think it's
12 time to make a decision.  I will take advantage of that.
13         One thing that might make that particular point moot
14 though is, according to the Government, the minor accusing
15 witness wants to be at both proceedings.  If that's the case,
16 you know, doing the sentencing on one day 30 days from now or
17 whenever the Court would schedule the bifurcated second half
18 of the proceedings versus moving it to two separate days may
19 not be as big of a burden on the Government as originally they
20 had, you know, claimed.  I understand why they claimed that
21 time.
22         But if she is going to be there on both occasions,
23 then I don't see how it would then pose, you know, a
24 particular burden on her to come once 30 days or so from now
25 versus coming to court this week for the first part and then

1  coming back whenever you would schedule the bifurcated
2  proceeding.  It might actually be harder for her to do that.
3  And that's one development that's happened since we last
4  talked about this.  I think that supports my motion for a
5  continuance.
6         THE COURT:  All right.  Thank you for that argument.
7         Is there anything further from the Government?
8         MS. CHANG:  Yes, Your Honor.  We would just respond
9  that the United States, for the reasons set forth in my motion
10 for status conference, we oppose a bifurcated sentencing.  We
11 would still maintain, though, that further delay is harmful to
12 the victim.  So to the extent that the Court is inclined to
13 grant a continuance, we would just ask that it be as brief as
14 the defendant claims he needs and no longer, since the
15 finality of this is really important to our victim.
16        THE COURT:  I understand, and part of --
17        MR. WAGNER:  And just --
18        THE COURT:  Go on ahead, Mr. Wagner.
19        MR. WAGNER:  Just real briefly, Judge, the concern
20 that I have, and just so you're clear --
21        THE COURT:  Just put it to rest.  I'm not going to
22 bifurcate.  Let's take that off the table.
23        MR. WAGNER:  Okay.
24        THE COURT:  So if there's anything else you would
25 like to argue taking that out, you're welcome to do that.

1       MR. WAGNER: No, sir, nothing further.

2       THE COURT: All right. Finality is what everyone is
3 looking for here and a fair opportunity to be heard before the
4 Court. In order to contribute to the goal of finality, I
5 don't want a floating concern post sentence, assuming we get
6 there after I consider the motion to withdraw, that defense
7 counsel wasn't offered a fair opportunity to properly prepare
8 for the case.

9       So, Darleen, give me 25 days from the date that
10 we're currently set for sentencing.

11       And we'll set it on that date, and absent
12 extraordinary circumstances that date is going to be the date.
13 So the defense motion to continue over the Government's
14 objections will be granted by endorsed order.

15       The matter will be set for sentencing when,
16 Ms. Darleen, and they need pretty much the entire morning or
17 entire afternoon, one of the two.

18       All right. We're going to do Wednesday -- what's
19 the date?

20       THE COURTROOM DEPUTY: The 10th.

21       THE COURT: Wednesday, April the 10th at 1:00 p.m.

22       Is that date acceptable to the Government? You have
23 the rest of the day.

24       MS. CHANG: Yes, Your Honor.

25       THE COURT: Is that date acceptable to defense?

1    MR. WAGNER: Yes, sir.
2    THE COURT: All right. And I don't know how I'm
3 going to rule on this, but because I know that this is -- time
4 is of the essence here, I want to be clear that prior to even
5 the defendant filing the motion to withdraw I went over the
6 plea dialogue line by line multiple times, as my capable court
7 reporter had it ready for me. I had a chance, again, to
8 review my plea dialogue after the defendant filed his motion
9 to withdraw plea. And this morning I had an opportunity to
10 review the Government's response in opposition to the motion
11 to withdraw plea.
12    So I'll put it to you this way, you should be ready
13 for the sentencing in April. I don't anticipate I'm going to
14 need an evidentiary hearing to ferret out these issues, as I
15 think that my plea dialogue is something that I'm very
16 comfortable to rely on. But I will let you know in the very
17 near future if that's going to change. I will make every
18 attempt to have an order out this week laying out the
19 specifics with regard to the motion to withdraw plea.
20    Thank you both. Have a good morning.
21    MS. CHANG: Thank you, Your Honor.
22    MR. WAGNER: Thank you.
23    (WHEREUPON, this matter was concluded at 12:09 p.m.)
24                    *   *   *
25

## CERTIFICATE OF REPORTER

I certify that the foregoing is a correct transcript of the record of proceedings in the above-entitled matter.

```
 /s/ Suzanne L. Trimble                        10/8/19
Suzanne L. Trimble, CCR, CRR, RPR                Date
Official Court Reporter
```