[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11523
Non-Argument Calendar
_____

D.C. Docket No. 6:18-cr-00131-CEM-LRH-1

UNITED STATES OF AMERICA,

                                                          Plaintiff–Appellee,

versus

DEEPAK DESHPANDE,

                                                       Defendant–Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 2, 2020)

Before WILLIAM PRYOR, JILL PRYOR, and ANDERSON, Circuit Judges.

PER CURIAM:

Deepak Deshpande appeals the district court's denial of his motion to withdraw his guilty pleas for producing child pornography, in violation of 18 U.S.C. § 2251(a) and (e), and enticing a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). He argues that he did not make the guilty pleas knowingly and voluntarily because he did not understand the effects the Sentencing Guidelines would have on his sentence and that, therefore, the district court abused its discretion in denying his motion to withdraw his guilty pleas.[1]

## I. BACKGROUND

Deshpande was indicted on June 6, 2018, for one count of knowingly receiving child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2), (b)(1) (Count l); one count of producing child pornography, in violation of 18 U.S.C. §§ 2251(a), (e) (Count 2); and two counts of enticing a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b) (Counts 3 and 4). The factual basis for Deshpande's guilty pleas stated that on March 30 and April 1, 2018, he enticed a minor to engage in sexually explicit conduct for the purpose of producing child pornography. He pretended to be a modeling agent and persuaded the victim—whom he knew was 16 years old—to send him nude images. Deshpande then

---

[1] Deshpande has also filed a *pro se* motion to amend his appellate brief and promote himself as co-counsel. Under this Court's rules, the clerk's office is prohibited from accepting any filings directly from a party when that party is represented by counsel. 11th Cir. R. 25-1. And while a criminal defendant has a right to represent himself at trial, that right does not extend to his direct appeal. *Martinez v. Ct. of Appeal of Cal.*, 528 U.S. 152, 162–63 (2000). Accordingly, we **DENY** Deshpande's motion.

initiated a blackmail scheme, threatening to disseminate on the "dark web" the nude images he received if he was not send additional images. In September 2017, Deshpande traveled from California, where he lived, to Florida to meet the victim in person. He drove the victim to a hotel, where he took pictures of the victim, gave the victim alcohol and cannabis, and recorded videos of himself sexually assaulting the victim. Deshpande stayed in contact with the victim and went to Florida four more times to engage in roughly the same conduct.

Deshpande initially pleaded not guilty to the offenses, but he ultimately agreed to plead guilty to Counts 2 and 3 pursuant to a plea agreement. The agreement stated that the statutory penalty range for Count 2 was 15–30 years of imprisonment, and for Count 3 was 10 years to life. He acknowledged that he read the agreement and signed every page.

At the change-of-plea hearing that followed, the district court placed Deshpande under oath and explained (1) what the government would have to prove for Counts 2 and 3, if the case went to trial; (2) the statutory range of 15 to 30 years' imprisonment for Count 2; and (3) the statutory range of 10 years' to life imprisonment for Count 3. Deshpande stated that he understood the elements and maximum penalties. Deshpande confirmed that he initialed the plea agreement and read and understood it with the advice of counsel. In turn, the government explained that it was not charging him with any other offenses and that it was

dismissing the remaining counts against him. The court explained that the plea agreement did not require the government to commit to make any specific sentencing recommendations or to recommend an acceptance-of-responsibility reduction. Deshpande again confirmed that he understood and reviewed the provisions of the agreement with his counsel. He also confirmed that he understood (1) that he agreed to provide substantial assistance to the government; (2) the sentencing appeal waiver; and (3) the trial rights he was giving up by pleading guilty.

The district court then inquired into Deshpande's competency. Deshpande informed the court that he was 41 years old, had completed a master's degree in computer science security, had been previously employed in that field, and was not under the influence of any substance that would impair his abilities at the proceeding. He also confirmed he had never been found incompetent, he had not been threatened, intimidated, or promised anything in order to get him to plead guilty, and he was entering the pleas freely and voluntarily. He confirmed he had had enough time to speak with his counsel about the case and was satisfied with his representation. The following exchange then took place between Deshpande and the district court:

> Court: Do you understand that the terms of this plea agreement are merely recommendations and that I could reject those recommendations and sentence you up to the maximum

|   |   |
|---|---|
|   | penalty without allowing you to withdraw your plea agreement once I accept your plea? |
| Deshpande: | Yes, sir. |
| Court: | Have you discussed the federal advisory sentencing guidelines with [counsel]? |
| Deshpande: | Yes, sir. |
| Court: | Do you understand that they will not be calculated until sentencing and that they're not binding on the Court? |
| Deshpande: | Yes, sir. |

The district court asked if Deshpande still wished to enter the guilty pleas, and he said yes. He confirmed that he had read the proffered factual basis for the pleas, had reviewed it with counsel, and did not have any disagreements or objections to the facts. The district court found that Deshpande's guilty pleas were intelligent, free, and voluntary and that there was a factual basis for the pleas. Prior to sentencing, the district court granted counsel's motion to withdraw and appointed new counsel.

The government subsequently submitted a sentencing memorandum explaining the nature of Deshpande's enticement and arguing for a life sentence based on the section 3553(a) factors. That same day, Deshpande moved to withdraw his guilty pleas. He asserted that: (1) he never actually read the plea agreement and instead understood from his conversations with counsel that he would not receive a prison sentence, in part due to his alleged assistance with

5

Special Counsel Robert Mueller's investigation; (2) his counsel had never explained how the Sentencing Guidelines applied to his case or that the district court would calculate a sentence at the high end of the range; (3) his counsel told him that the government would file motions under 18 U.S.C. § 3553(a) and U.S.S.G. § 5K1.1 and that those motions would result in a non-incarceration sentence; and (4) that the district court did not comply with the requirements of Federal Rule of Criminal Procedure 11(b)(1)(m) because it did not inform him of its obligation to calculate his guideline range and consider that range, any possible departures, and the section 3553(a) factors. Deshpande conceded that he had close assistance of counsel, that his guilty pleas were free from coercion, and that he understood the nature of the charges.

At the sentencing hearing that followed, the district court denied Deshpande's motion to withdraw his guilty pleas. It found that his sworn testimony demonstrated that he had the close assistance of counsel and that his testimony was inconsistent with the allegations raised in his motion to withdraw his pleas. Specifically, the district court found it significant that Deshpande confirmed during the plea colloquy that he: (1) understood the statutory penalties for his offenses, (2) had read and understood the plea agreement, (3) had reviewed the agreement with his attorney, (4) understood the elements and maximum penalties associated with his offenses, (5) understood the plea agreement terms

were recommendations and not binding on the district court, (6) had discussed the Guidelines with his attorney, and (7) knew the Guidelines were not binding. The court also noted that conservation of judicial resources weighed in favor of denying Deshpande's motion because it would result in his case proceeding on an abbreviated speedy trial schedule, potentially displacing other cases in the process, and in a loss of resources already expended for sentencing. The district court ultimately sentenced Deshpande to life imprisonment. Deshpande timely appealed to us.

## II. ANALYSIS

We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Symington*, 781 F.3d 1308, 1312 (11th Cir. 2015). A defendant may withdraw a guilty plea after the court accepts the plea, but before sentencing, for "a fair and just reason." Fed. R. Crim. P. 11(d)(2)(B). In evaluating whether the defendant has shown such a reason, the district court considers the totality of the circumstances, including: (1) whether the close assistance of counsel was available, (2) whether the plea was knowing and voluntary, (3) whether judicial resources would be preserved, and (4) whether the government would be prejudiced. *United States v. Buckles*, 843 F.2d 469, 472 (11th Cir. 1988).

To determine whether a plea was "knowing and voluntary," the district court must address three "core concerns" in its inquiry, namely that: (1) the plea is free from coercion; (2) the defendant understood the nature of the charges; and (3) the defendant knew and understood the consequences of his guilty plea. *Symington*, 781 F.3d at 1314. Failing to address any of these core concerns in a manner that impacts the defendant's substantial rights requires an automatic reversal of the conviction. *Id.*

Under Rule 11(b)(1)(m), before accepting a plea agreement, the district court must determine that the defendant understands the court's obligation to calculate the guideline range and to consider that range, possible departures, and the 18 U.S.C. § 3553(a) factors. Fed. R. Crim. P. 11(b)(1)(m). The failure to inform the defendant of the Sentencing Guidelines range, however, may be harmless. *United States v. Mosley*, 173 F.3d 1318, 1327 (11th Cir. 1999). When the defendant is informed of a mandatory statutory sentence, sentenced within the range, and knew of the existence of the guidelines and that they would affect his sentence, the court's failure to advise of the guideline range is harmless. *Id.*

In reviewing a motion to withdraw a guilty plea, "there is a strong presumption that the statements made during the [plea] colloquy are true." *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Consequently, a defendant

bears a heavy burden to show that his statements under oath were false. *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

Here, we conclude that the district court did not abuse its discretion in denying Deshpande's motion to withdraw his guilty pleas. Deshpande repeatedly affirmed to the district court that he read the plea agreement; to that effect, he signed every page of it. The plea agreement made clear the Sentencing Guidelines as applicable in this case, including that the upper limit for Deshpande's sentence was life imprisonment. At the change-of-plea hearing, Deshpande affirmed to the district court that he knew that the Guidelines were only advisory, and that he understood that the terms of the plea agreement were merely recommendations, but that the district court could reject the recommendations and sentence him "up to the maximum penalty."

Deshpande's arguments to the contrary—which are irreconcilable with his statements to the district court—only came after the government filed its sentencing memorandum and sought a term of life imprisonment. In light of his admissions at the change-of-plea hearing and the fact that his initials are on each page of the plea agreement, we simply cannot accept his self-serving argument that he did not actually read the plea agreement and did not actually understand that he could be sentenced to a punishment that was explicitly included in the agreement.

Moreover, while the district court did not explicitly address its obligations under Rule 11(b)(1)(m), Deshpande confirmed, under oath, that he had sufficient knowledge of the Guidelines and, although indirect, he was clearly aware of the effect the Guidelines could have on his sentence.

### III. CONCLUSION

For the foregoing reasons, Deshpande's sentence is

**AFFIRMED.**

# UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

April 02, 2020

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 19-11523-CC
Case Style: USA v. Deepak Deshpande
District Court Docket No: 6:18-cr-00131-CEM-LRH-1

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF") system, unless exempted for good cause. Non-incarcerated pro se parties are permitted to use the ECF system by registering for an account at www.pacer.gov. Information and training materials related to electronic filing, are available at www.ca11.uscourts.gov.** Enclosed is a copy of the court's decision filed today in this appeal. Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings, a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404) 335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature block below. For all other questions, please call Carol R. Lewis, CC at (404) 335-6179.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Jeff R. Patch
Phone #: 404-335-6151

OPIN-1 Ntc of Issuance of Opinion