AO 243 (Rev. 09/17)

MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT

SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District MIDDLE DISTRICT OF FLORIDA. |
|---|---|
| Name *(under which you were convicted)*: DEEPAK. DESHPANDE | Docket or Case No.: |
| Place of Confinement: TUCSON, AZ | Prisoner No.: 70487-018 |
| UNITED STATES OF AMERICA V. | Movant *(include name under which convicted)* DEEPAK. DESHPANDE |

2021 APR 15 PM 2:46
US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO.FLORIDA
FILED

**MOTION**

1. (a) Name and location of court which entered the judgment of conviction you are challenging:
UNITED STATES DISTRICT COURT.
MIDDLE DISTRICT OF FLORIDA.
401 WEST CENTRAL BLVD.
ORLANDO, FL 32801

(b) Criminal docket or case number (if you know): 6:18-CR-131-CEM-LRH-1.

2. (a) Date of the judgment of conviction (if you know): OCTOBER|29th|2018.

(b) Date of sentencing: APRIL|10th|2019

3. Length of sentence: COUNT TWO - THIRTY YEARS, COUNT THREE - LIFE

4. Nature of crime (all counts):
1. 18 U.S.C § 2252(A). - RECEIPT OF CHILD PORNOGRAPHY.
2. 18 U.S.C § 2251(a) and (e). - PRODUCTION OF CHILD PORNOGRAPHY.
3. 18 U.S.C § 2422(b) - ENTICEMENT OF A MINOR.
4. 18. U.S.C § 2422 (b) - ENTICEMENT OF A MINOR.

5. (a) What was your plea? (Check one)
(1) Not guilty ☐ (2) Guilty ☒ (3) Nolo contendere (no contest) ☐

6. (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?
PLEAD GUILTY TO COUNT TWO AND COUNT THREE.

COUNT ONE AND FOUR WERE DISMISSED ON GOVERMENT MOTION.

6. If you went to trial, what kind of trial did you have? (Check one) Jury ☐ Judge only ☐

7. Did you testify at a pretrial hearing, trial, or post-trial hearing? Yes ☒ (Sentencing) No ☐

8. Did you appeal from the judgment of conviction? Yes ☒ No ☐

9. If you did appeal, answer the following:

(a) Name of court: COURT OF APPEALS FOR THE ELEVENTH CIRCUIT.

(b) Docket or case number (if you know): 19-11523.

(c) Result: AFFIRMED.

(d) Date of result (if you know): APRIL 2 2020. PETITON FOR RE'HEARING DENIED.

(e) Citation to the case (if you know): 808 Fed Appx 834 (11th cir 2020).

(f) Grounds raised:

DISTRICT COURT ERRED IN DENYING MOTION TO WITHDRAWAL ON THE ERRORS IN RULE 11(b)(1)(M).

(g) Did you file a petition for certiorari in the United States Supreme Court? Yes ☒ No ☐

If "Yes," answer the following:

(1) Docket or case number (if you know): 20-5880.

(2) Result: DENIED.

(3) Date of result (if you know): NOVEMBER 9th 2020.

(4) Citation to the case (if you know):

(5) Grounds raised:

1.). DID THE DISTRICT COURT AND SUBSEQUENTLY THE APPELLATE COURT HAVE JURISDICTION, TO ADJUDICATE THE CASE OR CONTROVERSY, UNDER ARTICLE III OR STATUTORIRY .?. OR INSTEAD THEY ACQUIRED HYPOTHETICAL JURISDICTION .?.

2). DO AN APPELLANT, IN THE FIRST RIGHT OF APPEAL, FROM A CRIMINAL CONVICTION HAVE A) RIGHT TO CONTROL DEFENSE AND, B) RIGHT TO ASSIST IN OWN DEFENSE .?.

3) DID THE APPELLATE COURT IN THE ORDER DENYING MOTION TO PROMOTE HIMSELF AS CO-COUNSEL VIOLATE AN INDIGENTS MEANINGFUL ACCESS TO COURT AND FAIRLY PRESENT HIS CLAIMS.

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications, concerning this judgment of conviction in any court?

Yes ☐ No ☒

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: — N/A —

(2) Docket or case number (if you know): — N/A —

(3) Date of filing (if you know): — N/A —

AO 243 (Rev. 09/17)

(4) Nature of the proceeding: — N/A —

(5) Grounds raised:

— N/A —

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☒

(7) Result: — N/A —

(8) Date of result (if you know): — N/A —

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court: — N/A —

(2) Docket of case number (if you know): — N/A —

(3) Date of filing (if you know): — N/A —

(4) Nature of the proceeding: — N/A —

(5) Grounds raised:

— N/A —

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

Yes ☐ No ☒

(7) Result: — N/A —

(8) Date of result (if you know): — N/A —

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition: Yes ☐ No ☒

(2) Second petition: Yes ☐ No ☒

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

— N/A —

AO 243 (Rev. 09/17)

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE:** FOURTH AMENDMENT VIOLATION

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

"When public Safety is not in jeopardy, Fourth Amendment precludes Suspecionless Search or Seizure, no matter how convieniently arranged", this Supreme court advice was discarded by the government in this conviction.
Facts that were available at disposal of S.A. Hyre clearly were neither trustworthy nor reliable. In-fact they were doctored. A prudent person and a seasoned, experienced investigator would have discovered, that there were no crimes committed and certainly defendant did not commit or was committing a crime.
The Search warrant to Search the 'PREMISE"; the warrentless acquisition of Historical Cellsite location data of 408-649-4154 and others; Warrentless arrest at OIA; Search warrant to Search 'digital devices'; Were unreasonable under Fourth Amendment to constitution. Subsequently Rule 4 and 5 of Fed. R Cr. Ps were violated; P.C. Hearing was unreasonable and lacked a determination by a magistrate Judge within the meaning of 'independent' and 'Neutral'. Continued in Page 5(A) - 5(I).

(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Appointed counsel informs that this ISSUE is not germaine to his representation, and it was retained counsel's Job. Appointed counsel did not inform as to why he didnot point to district court under IAC in motion to withdraw plea(s).

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: N/A

Name and location of the court where the motion or petition was filed:

← N/A →

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

← N/A →

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☒

# FOURTH AMENDMENT VIOLATIONS.

## WARRANT TO SEARCH THE PREMISE AND DIGITAL DEVICES.

1.) Both the affidavits supporting to secure a warrant to search the, a) "PREMISE" filed by S.A. Anastasia Cioni and b) 'DIGITAL DEVICES' seized from defendants possession in a warrantless arrest at OIA, filed by S.A. Rodney Hyre, lacked material information, necessary for magistrate Judge's assessment of probable cause. Both the affidavit on its face fail to establish a probable cause, include boiler-plate languge. and are conclusory.

2) FIRST, both the affiants Ms. Cioni and Mr. Hyre knowingly made false statements under oath by omitting material facts relevant facts magistrate judge's determination of probable cause, which were readily available and uncovered from their investigation.

3) These omissions include (but not limited to), foundational data of four Kik accounts (Three alleged masquerading accounts used by accused, and One account of accuser) Such as, account identifiers, account creation date and time, location of such access, time zone, profile pictures, first and last name of profiles, date of birth used, IP-Address accessing these accounts forming the nexus, and particularity, Device profiles that accessed these services forming particularity aspect of the search. Foundational data of Mega Cloud, Such as email-id used for creation, profile details, Device profile and IP-Address access logs that forms particularity and Nexus for the basis to search

4.) Foundational data of Four Whisper accounts (Three alleged identities used by accused and one of accuser) such as, UUID strings of those accounts, their screen names, location of those accounts, IP-Addresses used to access and device profile of the devices used in such access forming the particularity and nexus for search basis. Facts informing which devices of accused if any, either in his premise or on his person connected to these services that engaged in offense conduct.

5.) Facts informing details of FEDEX transactions, like, Shipping and receiving address, receiver information, date and time of shipping / receiving, receiver signature, payment method and mode as recorded.

6.) Facts informing mobile cellphone numbers used in commission of the alleged crime, cellular call logs and text messages that form the basis for offense conduct.

7.) SECOND, each of these facts are necessary to a) Allege that a particular crime was committed, through the means and instruments, material to establish a federal Jurisdiction, and a nexus to "THE PREMISE", and the 'DIGITAL DEVICES' in his possession, b) That defendant committed a federal crime, and c) Fruits of such particular federal crimes can be recovered from the particular searches, so that a prudent, detached and neutral Magistrate Judge can independantly assess that a 'Probable Cause' exists for this particular search.

8.) THIRD, it would be reckless disregard for truth to testify under oath that a) There were accounts 'A','B' and 'C' engaged in offense conduct under the use of accused, coercing, enticing, inducing and persuading the minor on account 'D' on Kik interactive, — When the affiants knew, that there was/is no evidence to lay foundation that such accounts 'A', 'B', 'C', 'D' existed on Kik Interactive. Perjury is even more flagrant, where affiants investigation revealed that there were not Kik accounts existed natively on A.M's implicating device; b) That A.M placed advertisements on Whisper App - When there is no evidence to lay foundation that A.M is a legitimate advertiser or Whisper Service, or user/subscriber, when affiants investigation affirmatively revealed, no such app even existed on A.M's device, or that Whisper has no information it stored about A.M or her devices.

9.) c). A.M and three identities allegedly masqueraded by accused regularly communicated via cellular calls and text messages - when Evidence shows, A.M's phone address book is devoid of any entries of those numbers and text messaging app has no record of messages received. Especially when one of the cellular number allegedly used by accused in coercing A.M (408-649-4154), from September of 2017 through, particularly on March 30, 31, April 1st of 2018 was in all actuality disconnected in Nov/2017., And was subsequently reissued to another party in Jan/2018. - When Evidence doesn't support A.M. took leave of absence from a school day on 03/31/2018 and Easter celebrations on 04/01/2018.

10.) d). That Accused Sent an Android Cellphone to A.M through FedEx as N. Cuban from Dublin, CA — When FEDEx has no record of any package that was sent from N. Cuban to A.M and that record is devoid of any legitimate FedEx envelope.

11.) e) That Accused, untraceably accessed A.M's account on MegaCloud Storage Service, downloading some unlawful material from Sept/2017 through May/2018 — When record doesn't even have any information to lay the foundation that Mega Cloud Storage account existed in 2017 (deleted and recreated) or that any IP-address even that of A.M accessed the account. That by knowing someones password, it somehow creates an untraceable access to that account. Such a proposition defies logic, and calls into question, knowledge, understanding, experience, training and credibility of an investigating officer.

12.) FOURTH., had affiants faithfully included the relevent essential facts, Magistrate Judge would have reasonably concluded that there was no crime committed, that probable cause does not exist, and would have rejected to issue the warrants. For it would be only a rational decision of a reasonably prudent person. Affiants knew from the data returned through Subpoena, that nothing connected to accused, his devices or premise. In fact evidence derived from the Subpoena contradicted the allegations of A.M. Affidavits, thus were conclusory and contained self-serving testimony.

13) The recklessness is even more flagrant and beyond reasoning, when affiant testified, he need not subpoena records because he did not feel the "need" for it ECF-99 at 74, 75. Therefore the search and seizure was unreasonable under Fourth Amendment warranting suppression of all fruits obtained through such.

CELL SITE LOCATION DATA.

14.) Government did not request a warrant to acquire historical cell-site location data of defendants company provisioned cellphone number (408)-649-4154. This account was closed and the number disconnected on Nov|2017. It was transferred to another corporation in January|2018. This cellular phone and number had no nexus to the acts charged in counts One, two, three and four for the year 2018. Unless government is charging someone elses offense conduct, those that occured in 2018, included in count one, two three and four of the indictment.

LACK OF PROBABLE CAUSE. ARREST WAS UNREASONABLE.

15.) Facts from 1 through 14 are realleged in order. Contrary to what Special Agent Hyre testified, Orlando International Airport (OIA) was not a randezvious point for meeting the minor. There is no record to support this and Hyre, perjured under oath.

There is no record to suggest that A.M was to Pick-up defendant at OIA or that defendant was to meet A.M at OIA on 05/12/2018. OIA was not a Crime Scene, nor that crime was in progress at OIA in the confines of investigation. There was no plain view that established, defendant in anyway visibly carrying material that implicated crimes under § 2252A, § 2251, or § 2422.

16.) There is no evidence in record to support cellular number 929-352-7040 belonged to defendant, establishes possession, authorship, ownership to that effect, or that he carried that cellular phone in OIA. The data acquired from subpoena doesnot establish ownership to defendant, nor that, any calls were made or received on 05/09/2018 in california, where defendant resides. FBI monitored this call, number and other details. There is no evidence to support (929) cellular phone was in OIA on 05/12/2018, nor that any calls were made by FBI to confirm and establish its presence in OIA.

17.) There is no evidence to establish that Google Hangout messages were received in california, nor that the subpoena establishes an ownership implicating defendant. Per Hyre's affidavit, Nick Cuban was to arrive <at unknown place> on Friday evening 05/11/2018 or Saturday morning 05/12/2018 from NEWYORK, not from San-Francisco, CA., where defendant actually arrived from. Per affidavit, Nick Cuban was also returning back to New York.

18). Without any of these confirmations, FBI had no reasonable Suspecion to presume with-out a confirmation-bias, that defendant was at OIA masquerading as Nick Cuban for an unlawful activity. Even if arguendo, Hyre was that near confident, that defendant was indeed Nick Cuban, there was nothing to stop him from lawfully acquiring an arrest warrant.

19.) FBI has made no articulable reasons, not to acquire an arrest warrant in its Search warrant affidavit to defendants devices, that were Seized at arrest incident. In-fact Hyre's Search affidavit is crystal clear. In his misleading Statements, he requests the Search warrant to Search for evidence of § 2422(b), which Should Clarify that he did not have such evidence in the first place. When FBI had no evidence to support a Suspecious conduct violating § 2422(b) at OIA, it had absolutely no probable cause to arrest defendant.

20.) In-fact a Quick look at the cell-phones defendant carried at OIA and a Quick analysis of those cellular devices would have proved that four of the five Iphones were purchased in 2nd week of may, 2018. FBI could have absolutely not laid any facts to Suspect that those devices were implicated in any manner of a offense conduct.

RULE 4 AND 5 VIOLATION.

21.) Defendant was arrested on Probable cause, and not on issuance of an arrest warrant. Good Faith on the part of an arresting officer is not Sufficient to establish, the validity of an arrest without warrant. Fed. R. cr. Pr Rule 5(b) makes it abundantly Clear that a complaint meeting with the requirements of Rule 4, must be filed whenever a person has been arrested without a warrant. There is no exception.

22.) FIRST, the complaint must lawfully inform that a federal Crime was Committed. This complaint must provide a foundation for the magistrate Judge's determination of the Probable Cause. Without this Complaint, Magistrate Judge could never have performed his duties to assess probable cause or dismiss it under Rule 5(f).

23.) SECOND, the written complaint "must provide the affiants answer to the Magistrate Judge's Hypothetical question," "What makes you think that the defendant committed the offenses Charged". Barring which in the alternative, if the magistrate Judge finds no probable cause, to believe an offense has been committed or that defendant committed it, the magistrate Judge must be able to perform his duties and dismiss the complaint filed and discharge the defendant, as codified under Federal Rules. of Cr. procedure 5(f).

PROBABLE CAUSE HEARING WAS UNREASONABLE.

24.) P.c. Hearing was unreasonable, because it requires a determination by a detached independent and neutral Judge. Which the M.J was not within the meaning of independent, neutral and detached. First, the M.J was the Same Judge who issued the search warrant to Search defendants digital devices, without inquiring as to why was defendant arrested in the first place without a warrant.

25.) SECOND, there were no Substantial development of investigative facts or disclosures that became available, revealed anything new to the M.J, on 05/14/2018 after he issued the search warrant on 05/12/2018, Such that, defendant committed a crime and warranted a further detention till indictment. The facts were exactly the same. In the sense M.J was not detached from the rulings in Search warrant and had a vested interest in outcome of the P.c. hearing. M.J. might as well have signed detention pending trial order without an actual Probable Cause Hearing. But in reality Probable cause hearing did reveal certain facts. S.A. Hyre continued the use of doctored evidence and blatently perjured under oath, when asked about facts to lay foundation of evidence presented in the court, Knowingly.

AO 243 (Rev. 09/17)

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: N/A

Docket or case number (if you know): N/A

Date of the court's decision: N/A

Result (attach a copy of the court's opinion or order, if available):

— N/A —

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

— N/A —

**GROUND TWO:** DISTRICT COURT LACKED JURISDICTION UNDER ARTICLE III AND STATUTORILY. MIDDLE DIST. OF FLORIDA WASN'T A VENUE.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

UNITED STATES CONSTITUTION ARTICLE III, CI 2 Confirs the JUDICIAL POWER OF UNITED STATES' to federal district courts only to 'case's and controversies'. A Federal court ought to be Certain of its Jurisdiction before reaching the merits of the case.
The district court lacked Jurisdiction because a) There was no genuine 'case or Controversy' within the confines of ARTICLE III, which requires a "concrete" and 'Particularized' injury-in-fact, not a 'Hypothetical' or 'Conjectural'.
b) Statutorily, Dist. court was denied Jurisdiction because of a defective indictment that did not charge requisite facts, causation and nature of offense, to bring the conduct within the ambit of Statute, violating Fifth and Sixth Amendment to constitution, and Rule 7 of F.R.Cr.Pr. c) Grand Jury were not informed of essential facts and elements of the Crime violating grand Jury clause, d) Indictment did not prevent defendant from future prosecutions violating double Jeopardy clause. e), Prosecutors engaged in misconduct, vindictive and Selective Prosecution by improperly instructing grand Jury. CONTINUED ON PAGE 6(A)-6(E).

(b) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

DISTRICT COURT LACKED THE JURISDICTION.

1.) The district courts determination whether the plaintiff who Suffered no harm had a standing under Federal Const. Article III to maintain an action assertedly based on a bare violation of incompletely Stated federal statute is incomplete. The District court failed to consider Concreteness aspect of injury-in-fact requirement of the triad.

2) Neither the congress nor any Statute can erase Article III Standing requirement of injury-in-fact. To establish injury-in-fact, the government must show that " Some visual depiction were produced of a minor engagingging in Sexually Explicit Conduct ; there were Some real text messages that were enticing, coercing, persuading, inducing a real minor that caused an ascent on the part of minor to engage in a Sexual Activity unlawful under the State statute. Such an injury must be real and imminent not conjectural or Hypothetical.

3) Alternatively the district court lacked Jurisdiction that Congress granted in Criminal cases for offenses against the laws of united states. Because the indictment failed to charge an offense, where by rescinding the basis for excercise of Jurisdiction. Jurisdiction depends on Stating the offense against the laws of united States as the instant indictment does not as explained below. It is also important that all the elements and the facts constituting an offense must be stated in the indictment, including the facts necessary for sentencing, otherwise it is well settled that indictment is defective.

DEFECTIVE INDICTMENT.

4) The indictment charging violation of four counts is defective beyond construction. There are elements missing in each of the counts. There is absolutely no factual information in any of the counts, except defendant's name. Government has failed to charge the crime, that was allegedly committed.

5) Count One and two, are missing the elements one and two. Count three and four, are missing the elements three and four. Under Count one and two, to bring the crime in ambit of the charging Statute, government must allege what conduct if any that is defined under §2256 was violated, otherwise it falls outside the sweep of the charging statute making it no crime.

6) Under count three and four, to bring the conduct in ambit of the charging Statute, government should sufficiently allege, the Second and third element, defendants age and minors age, along with Statute of the State of Florida, which forms the basis of crime (because enticement of Sexual Activity between an adult and minor, without the underlying age difference proscribed by the State Statute is not a crime under §2422(b)).

7) Each and every count in the indictment failed to allege interstate commerce Nexus, the means of committing the crime to bring the conduct under federal Jurisdiction. Eg. Kik, Hangout, Cellular calls, a Nikon Camera manufactured out of State or materials that moved in interstate or of foreign commerce, a cell-phone that is manufactured in interstate. This Indictment violated F.R.Cr.Pr 7(c) when it omitted statutory elements and requisite facts necessary to constitute a crime. Therefore the district court lacked the Jurisdiction, when it relied on this indictment to accept guilty plea(s).

DISTRICT COURT LACKED VENUE.

8) Count two and three lacked Locus Dilecti to middle District of Florida or anywhere. Under Elevent Circuit Jurisprudence and precidence, To get venue under §2251, Locus Dilecti is proper in the district in which the images moved into interstate commerce. In Statutes like §2422(b), majority courts have held, Locus Dilecti is proper, where defendant makes a cellular call or messages, or place, where the minor receives the messages or calls "for meeting to engage into an unlawful sexual activity." Government didnot have such to acquire any venue in any districts.

NO REQUISITE FACTS ARE LISTED IN INDICTMENT, VIOLATING GRAND JURY CLAUSE OF IMPROPERLY INSTRUCTING GRAND JURORS

9) In each of the counts, there is a fictitious victim, not known to grand Jurors, not real, has no name or initials, age and gender are unknown. There are no facts to inform the venue, or the conduct violating the underlying statute like §2256 or § 794.05. No facts are listed to inform interstate or foreign commerce i.e. the means of committing the crime Eg: Kik, hangout, whisper, cellphone, cellular calls, Text messages, instrument of interstate or foreign commerce like a camera or cellphone manufactured outside the state warranting Jurisdiction of Federal government.

10) There are no facts listed to inform metadata of the visual depiction like, format, date and time, instruments used, sizes of the visual, content of the visual, the identifiable minor, the hash of the image, with respect to count one and two. Under count two defendant's conduct should raise to the level of persuading, enticing, inducing and coercing and using the minor, for the purpose of producing a visual depiction, violating a conduct under § 2256 (2)(A). Count two of indictment doesn't do any such informing or notifying.

11) Similarly in count three and four (§ 2422(b)), there are no information about facts like defendants age, minors age, name and gender, statute of the local state that was violated. There are no facts listing account identifiers used among whom an illicit conversation of enticement occured. Nor does it inform of a fact, a particular conversation causing the ascent on the part of the minor, to overcome the will, to engage into the unlawful activity forbidden by the statute. Defendant should have done so knowingly that the individual is a minor.

12) Such indictments are meaningless, as they donot inform the defendant, and his attorney of what conduct to defend against; whom to confront; what particularized harm was caused; What State Statutes it encompasses; How the venue was acquired; what is the actual crime. It doesn't provide the form of notice required under Sixth Amendment. Because the grand Jurors themselves were not informed about such facts, violating important protections of Grand Jury. Had the actual facts were informed, there is a reasonable probability that Grand Jury would have denied to return a true bill. Since it did so, it can be affirmatively concluded that it did so, under impropriety of prosecutor.

DOUBLE JEOPARDY VIOLATION.

13) Because there are absolutely no facts in the indictment, each of the facts can on its own be altered to form an alternative charge. Such as:, Substituting name of victim(s), changing dates, materials used for criminal conduct, Instrument used, means of Interstate commerce, account identifiers, underlying conducts of §2256(2)(A) or Florida state statutes. Because each of the fact will have to be altered to convict the defendant, it will always result in fatal variance from the facts identified by the Grand Jurors.

GOVERNMENT ENGAGED IN MISCONDUCT, VINDICTIVE, SELECTIVE PROSECUTION.

14). Re-alleging the facts in Ground one, and incorporating in full, by 06/06/2018 Government had absolutely no evidence to indict defendant. Considering the elements and factual ommissions, it is obvious, that grand Jurors weren't properly informed of the elements and facts of the crime and the alleged offenses. By not properly instructing and informing grand Jury about the elements and facts of the offenses, when presenting its case, Government significantly undermined the important role of grand Jury plays in our Criminal Justice System. Government violated the right to grand Jury process, which stands as a safeguards against, arbitrary and oppressive actions. AUSA along with FBI agents has brought up this unfounded vexatious accusation and selective and vindictive prosecution to obstruct Justice and defraud United States, Engaged in partisan politics Just to silence defendant using A.M as a vehicle to appease their political masters.

(2) If you did not raise this issue in your direct appeal, explain why: Appointed counsel informed that this ground is precluded from "Appeal waiver". He was unwilling to raise correct Judgement under Rule 34. And moreover he says, its not germaine to his representation.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: — N/A —

Name and location of the court where the motion or petition was filed:

— N/A —

Docket or case number (if you know): — N/A —

Date of the court's decision: — N/A —

Result (attach a copy of the court's opinion or order, if available):

← N/A →

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

— N/A —

Docket or case number (if you know): — N/A —

Date of the court's decision: — N/A —

Result (attach a copy of the court's opinion or order, if available):

— N/A —

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

— N/A —

AO 243 (Rev. 09/17)

**GROUND THREE:** GUILTY PLEA(S) WAS INVOLUNTARY, NOT KNOWING AND VIOLATED DUE PROCES.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

a) The guilty plea(s) were obtained by the product of coercion, misinformation, and disinformation.

b). Plea-agreement and Factual Basis caused fatal variance to each and every fact and essential elements of indictment as returned by Grand Jury resulting in constructive amendment.

c). Plea Procedure was defective because District court erred in

i) Rule 11(b)(1)(G) by not properly informing the nature and causation of the charge defendant was pleading to, by relying on a defective indictment.

ii). Rule 11(b)(3) by failing to ensure that there is a sufficient factual basis to independently assess defendant's guilt, as a matter of law, before adjudicating defendant guilty of the charges.

Continued on page 8(A) - 8(G).

(b) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Appointed counsel informs that these claims are precluded from 'APPEAL WAIVER' and not germaine to his representation, in appellate procedure. But doesn't offer explaination as to why he didn't claim this in trial court.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

Type of motion or petition: — N/A —

Name and location of the court where the motion or petition was filed:

— N/A —

Docket or case number (if you know): — N/A —

Date of the court's decision: — N/A —

Result (attach a copy of the court's opinion or order, if available):

— N/A —

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☒

COERCION MISINFORMATION AND DISINFORMATION.

1) Retained Counsel, his Private investigator, and Hired Computer expert, after their alleged extensive case study and overall assessment was, a). There are evidences in FBI Labs, that irrefutably implicate defendant and his devices, so much so that there exists no reasonable doubt for petite Jury to find acquittal. b). That there is no line of defense to pursue. c) The trial was a wasteful futile excercise, resulting in gaurenteed conviction within half-hour of Jury deliberation. d). the Chat transcripts were in native form and the data subpoened from Kik conclusively prove that those conversation did occur. e) That the visual depiction conclusively prove count one through four, Beyond Reasonable Doubt. g) The only safe alternative, a Strategic choice was to plead guilty and assist in Special Counsel's investigation which will bring down D.T.'s presidency, such an assistence will result in government moving for 5K1.1. application, which the district court will accept and the application will be such that, it will drop the mandatory minimums and result in a non-incarceration sentence. h). Officers of Special Counsel was in contact with counsel and were awaiting guilty plea adjudication to proceed with proffer.

2) According to counsel, government's denial of 3-point reduction for A.O.R was not important; Plea-agreements no-further charges clause, which was cabinated by a date range was no concern; Contents of factual basis were no concern; Appeal waiver was no-concern because of non-incarceration Sentence.; That he extensively negotiated this plea-deal, which will result non-incarceration sentence; He then assured witness protection and a complete Shield from media.

RULE 11 (b)(1)(G) VIOLATION.

3) The district court failed to ensure that the defendant understood the nature of each charge he was pleading to, a requirement under Rule 11(b)(1)(G). District court failed to inform, by first constructing the element from a defective indictment, and then it failed to inform.

* There must be visual depiction that he produced of the minor as charged in the indictment and it must violate a specific conduct under 18:2256(2)(A).
* His conduct should have risen to the level of inducing, persuading, enticing, coercing and using the minor for the purpose of producing such visuals which violates 18:2256 as charged.
* He should have had prior conviction of §2251(a)-(d) to be convicted of §2251(e) and inquired of his previous convictions.
* Tangible and real visual depiction constitute the violation of §2251(a) or otherwise he would be perjuring himself to some fictitious non-existence visuals under count two of actual production charge.
* His conduct in count three should raise to the level of offending the Florida Statute 794.05, which constitutes the meaning of "Sexual Activity" under §2422(b) as defined in §2246. That his enticement should result in overcome the will of the minor, cause an ascent, to engage into the unlawful conduct as proscribed in count three.
* That he used an instrument of interstate or foreign commerce like cellular phone, a particular camera gear, a particular computer, a means of interstate facility like, Kik, Whisper, cellular calls, text messages to commit the crimes as charged.

RULE 11 (b)(3) VIOLATION.

4.) The factual basis is not sufficient because

a) ECF-38 at 25 and 26. Personalize count two and three. With respect to count two, personalization is devoid of the facts necessary for conviction. There is no identifiable minor whose, name, age and gender are known to court, Court has no facts listing the visual depiction in question, its specific signature conforming to §2256(2)(A) conduct. Nor does the court have the instrument used to convict this crime. For personalization of count three id at 26, Court had no facts about identifiable minor, whose name, age, initials and gender was known to it. Court had no facts about the Florida State Statute who's conduct was violated. The court had no absolute fact of means of interstate commerce used like Kik, Whisper, Mega Cloud, WhatsApp etc with its relevant account identifiers, which brings about federal Jurisdiction.

5). b). ECF 38 at 28. - Defendant posing as modeling agent named 'Devin' responds to CV's advertisement seeking modeling opportunity.

* - Court had no factual basis about how this advertisement was placed or which Whisper identities were used.

* - Court had no factual basis to list which "various internet applications" were used and among what identifiers such conversation occured.

* - Court had no basis to assess if those nude image were violating a conduct under §2256(2)(A), to account the conduct to defendant. Nor the record has information about these facts.

6) ECF 38 at 29 and 30 - government introduces 'Nick' and 'Roger'

*- Court has no way to identify these because government failed to provide the user account identifiers associated with these Characters.

7). ECF - 38 at 30 - Government describes the first assault.

*- Court has no information what was depicted in this fictitious visual, or what conduct such visual violated under § 2256.

*- Court has no information what instrument was used to produce this visual.

*- The Court is not informed of metadata of this visual, not even the date, timestamps, format/sizes, and Hash String of visual.

8.) ECF- 38 at 30 - (Fed Ex) · mailing the Adroid

* - Court is not informed of how it was mailed through which Carrier and when was it mailed. There is no mention of the tracking number or Sender and receiver information.

9). ECF - 38 at 30. Cyber Sex Conversation.

*- Although this is irrelevant to counts plead, court is not informed where this conversation occured or among which identifier of accounts such conversation occured.

*- Court is not informed of the metadata of these four image transacted. Nor it is informed of the Hash strings.

10.) ECF - 38 at 31. Four Additional visits.

* - Court was not informed when did these four additional visits actually occured or through what means. It was again deprived of the metadata of these visuals.

11) ECF-38 at 31. Communication via Google Hangout.

** Court was not informed about the identifiers used in this conversation. How this particular conversation is related to count two or count three that defendant is pleading to, court is not made aware. Throughout this conversation what part caused an ascent on part of the minor wasn't informed to the court. Court wasn't informed what device was used for this conversation.

12) ECF-38 at 27-32.

With respect to count two and three the district court was provided with no independent information that it could asses the defendant's guilt. Nor did the court engage in a dialog to inquire those from defendant. Throughout the plea-factual-basis court could not identify one basis to apply and hold defendant guilty of §2251(e) conduct. The district court was not provided information for count three - any message transactions to arrage any of these alleged meetings. District court had no basis to assess among what account identifiers any and at all conversations occurred, nor it made an attempt to inquire. District court made no attempt to inquire where these alleged visual depictions were or what constituted their conduct under §2256(2)(A). District court made no attempt to inquire what pornographic or child-pornographic visuals were recovered from defendants person, or possession. District Court made no attempt to inquire in to the alleged FedEx mailing of Android Nexus 6P phone.

13). District court made no attempt to inquire either counsel for defence nor government as to who had seen those visuals that defendant had

produced in those five visits to orange county to assault this unnamed minor.

14). District court neither attempted to inquire nor it had a clue as to who this minor was, name, age, initials, gender.
Without inquiring into this conduct, or assess these facts, either from counsel, government prosecutor, investigating agents, and or defendant, or be provided with evidence to infer from, the district court had no independent corroboration of these facts, Because it is a matter of law, that district court assess and satisfy itself of the factual basis "independently", to adjudicate defendant guilty of those crimes.

15). The district court could not have independently assess these facts, Because such facts do not exist. For defendant counsel, government prosecutor to inform the district court that government can prove these facts beyond reasonable doubt in trial tantamounts to fraud upon the court. An attempt to defile the court by officials of the court.

16). A defendant cannot agree to sufficient factual basis. It is the district court job to assess the sufficiency of factual basis. Defendant can only agree to district courts assessment, of its sufficiency. In the alternative, defendant can always challenge the district courts assessment of sufficiency. Simply put, the Record is devoid of any evidence legally sufficient to support that district court could have independently assessed defendants guilt. What is available in the Record is fabricated and legally inadmissible under Federal Rules of Evidence. A Subpoena will conclusorily prove their fabrication. Invalidate their existence.

CONSTRUCTIVE AMENDMENT.

17.) Facts alleged in Ground one and two are realleged and incorporated fully in this count. The indictment is required to reference each and every fact, the specific conduct that violated the statute, including the statutes it incorporated within as found by Grand Jury. The indictment charging count two and three doesnot incorporate any facts. Inadvertently it was going to amend the facts as found by grand Jury, because grand Jury didnot found any.

18). Through plea-agreement, and its acceptance, district court impermissibly broadened the basis for conviction beyond what is contained in the indictment as required by Grand Jury. Some of those amendments include, Element one (A.M, name initials, age and gender), element three by adding computer and cellular telephone. Element two that the conduct encompassed in all of §2256(2)(A). under count two of indictment. ECF 38 at 25, 26, 27 and 28. and ECF-64 at 3,4.

19) For count three of the indictment, District court did all the same amendments with respect to elements, two, (facility or means of interstate commerce) by adding Google Hangouts, Whisper, Kik and or other means, which were not found by Grand Jury. Element three (A.M, name, initials, age and gender), Element four (law of Florida), by adding and expanding with 794.05. See ECF. 38 at 26 and 28. and ECF-64 at 4 and 5.

20). Further the Factual Basis at ECF-38 at 28-32 includes amendment to individuals, not found by Grand Jury. District Court erred when it allowed for this alternative and broadened method of conviction that is not included in the indictment or found by Grand Jurors. Then there is no basis for §2251(e) conduct.

AO 243 (Rev. 09/17)

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed: — N/A —

Docket or case number (if you know): — N/A —

Date of the court's decision: — N/A —

Result (attach a copy of the court's opinion or order, if available):

— N/A —

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

— N/A —>

**GROUND FOUR:** GOVERNMENT ENTERED THE PLEA IN BAD FAITH AND SUBSEQUENTLY BREACHED THE PLEA AGREEMENT.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Government prosecutor entered the plea in Bad-Faith, under the guise of offering a plea-deal. The guile is evident in a) First, rejecting a Joint proffer proposed by C.W and defendant. b) Second, failing to disclose an intertwined investigation, pending additional charges, stemming from the instant offense, involving A.M and by and through use of C.W. c) Masquerading as officials of Special counsel Robert Meuller unlawfully, breached the plea-agreement by laying pre-conditions outside the stipulations and d). Defrauded United states by obstructing Justice, fraudently informed district court to make believe that defendant did not cooperate with Special Councel; or that some how there was an "attempted cooperation" that failed, while the Special councel was not even aware or informed that defendant were cooperating to that affect.

CONTINUED ON PAGE. 9(A) - 9(B).

(b) **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Appointed councel informs this grounded is Precluded by "APPEAL-WAIVER" and is not germaine to his appellate representation.

(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If you answer to Question (c)(1) is "Yes," state:

BAD FAITH AND BREACH OF PLEA AGREEMENT.

1.) In plea negotiations, a prosecuter must disclose additional charges that are contemplated, Failure to do so would violate due process, and affects "knowing" aspect of the decision to plead guilty including ability to make intelligent choice among options available. Government was actively pursuing and conducting an active and ongoing investigation which stemmed from the same A.M, the charges contemplated were rather substantial murder-for-hire. S.A. Hyre knew about it, AUSA knew about it. Government was engaged simultaneously in both Plea-trap and sentencing manipulation. Prosecutor had good faith responsibility and to maintain fundamental fairness of the trial ethics to disclose the investigation which entangled and intertwined the instant offense. The non-disclosure effected, voluntary, intelligent and knowing, aspect of choices among other alternative course of options available to defendant. Not to forget counsel's ability to advice a client.

2.) Had the investigation been disclosed, the rational choice would have been to reject the plea and proceed to trial. No rational person would have proceeded to trial. Rejecting plea would be only a rational choice. It didn't matter if a C.W was involved, or the gravity of safety to A.M would be paramount. Government if it deemed the threat to A.M credible, had sufficient alternatives. One it pursued barely days after the plea-hearing. It could have moved the defendant into isolation the day C.W was moved to a different Jail (Seminole county). What government did was Just that. A "plea-trap" and "Sentencing manipulation".

BREACH.

3.) Plea-agreement stipulates, "co-operation and substantial Assistance" provisions. See ECF-38 at 5-9. No-where in the stipulations it lays a pre-conditions to begin the assistance. There is no provisions listed to disengage from receiving such assistance or rescind the ability to cooperate. The plea-agreement simply states, defendant to provide, government to accept and then evaluate its worthyness to move the court for 5K1.1. application per Movants understanding.

4.) AUSA and the FBI agents knew that defendant was to proffer matters related to Special counsel investigation. They all agree, that it was in no-way a "Secret". They all knew that they weren't part of Special Councel, Neither they had the Clearence, nor were they read-in in that matter. The remaining matter that defendant were to proffer was in strict confines of National-security. Per Agencies rules regulations, policy and procedures, AUSA and Agents were required to clear the way for individuals with appropriate for expertise and clearences. And certainly not to solicit such matter, without proper authorization.

5.) On January/31st/2019, AUSA and these agents masqueraded as members of Special counsel, certainly without authorization, to solicit the proffer, laid improper conditions, that defendant could not have performed, to begin the cooperation and assistance. They then withdrew from position to receive such assistance and cooperation, and assaulted the defendant in presence of counsel.

6.) By doing so they obstructed execution of Justice, interfered in Special counsel matter without authorization, conspired against united states inorder to protect individuals who were being investigated, defiled the district court in order to effect Judicial machinery and mislead the court about the failure to assist or cooperate. This is yet another instance of plea-trap and sentence manipulation. It was a combined efforts to defraud united states.

AO 243 (Rev. 09/17)

Type of motion or petition: — N/A —

Name and location of the court where the motion or petition was filed:

— N/A —

Docket or case number (if you know): — N/A —

Date of the court's decision: — N/A —

Result (attach a copy of the court's opinion or order, if available):

— N/A —

(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐ No ☒

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐ No ☒

(5) If your answer to Question (c)(4) is "Yes," did you raise the issue in the appeal?

Yes ☐ No ☒

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

← N/A →

Docket or case number (if you know): — N/A —

Date of the court's decision: — N/A —

Result (attach a copy of the court's opinion or order, if available):

— N/A —

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

— N/A —

13. Is there any ground in this motion that you have not previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

AT this instance movant was able to identify Ground 5, 6, 7 and 8 through his due diligence and available documents, AS attached here with. Additional grounds may be discovered when documents are recovered or through evidentiary hearing or after the completion of investigations which presumably are in progress. Appellate counsel reasons not to raise them are plea-agreement Appeal waiver. However he offers no reason as to why they were not raised in trial. He also doesnot explain how plea-agreement can be upheld when government breached it affirmatively. Each of these grounds raised 1 through 8 are independent, claimed under IAC, Government breach of contract, Actual innocent and fraud upon court. Appeal waiver cannot preclude these grounds nor can procedural bar hurdle apply to such grounds claimed.

GROUND FIVE SENTENCING PROCEDURE VIOLATED FIFTH, SIXTH AND EIGHTH AMENDMENT TO CONSTITUTION. SENTENCE WAS PROCEDURALLY AND SUBSTANTIVELY UNREASONABLE.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

Grounds one through four are re-alleged and incorporated fully in this ground.

→ Brady, Giglio and its Progeny recognizes the continous duty of government to disclose evidence to defense, either impeachment or exculpatory. Government violated this when a) It failed to disclose disciplinary records (consisting of 1400 plus pages of responsive records of four agents), that could raise serious issue of witness credibility, honesty, and integrity of these testifying agents. b). Government failed to disclose any and all inducements, extended to or hoped for by the C.W, all records and information, existing or pending criminal charges or investigation, prior felony (a complete rap sheet), attempts of co-operating with government. Government extension of Rule 35 or 5K1.1 motions both state and federal.

→ District court violated, Sixth Amendment in conjunction with Fifth Amendment due process rights of defendant held under Alleyne when it engaged in Judicial fact finding of aggravating factors such as Sadistic & masochistic conduct, and depiction of sexual contact or sexual Act to be proved Beyond Reasonable doubt by a Jury or explicitly admitted by defendant in a plea setting.

→ Sentencing court then violated Eighth Amendment right to Constitution by sentencing a supervised release after serving a prison term of life sentence. Such a sentence is impermissible and has no penological sense making the sentence cruel and unusual.

→ The sentencing court procedurally erred when it ruled on certain enhancements without providing defence an opportunity to place reasonable arguements, to enable a clear record for appellate review. Such is an abuse of discretion. Sentencing court also improperly vouched for defense counsel.

→ Its unclear if sentencing court used counsel as emmissary or counsel took upon himself due to his conflicts, But a threat was delivered to withdraw all objections and seek mercy, or defendant would be sentenced to life, which actually happened. Continued on page 11(A) – 11(E)

(b) Did you present the issue raised in Ground Two to the court of appeals? Yes ☐ No ☒

(c) If you did not raise this issue in a direct appeal, explain why: First appellate counsel when was appointed trial counsel did not make these objections in sentencing court. Then Second, he claims this ground is precluded by "Appeal waiver" despite the fact that government Breached the plea-agreement. Finally counsel despite making an express request by defendant, failed to motion the court under Rule 33 & 34, Citing those are not germane to his representation.

ENHANCEMENTS WERE UNCONSTITUTIONAL AS APPLIED.

1.) Each of the enhancements applied and argued in this ground is unconstitutional as applied. Such an application is unsupported by Sentencing guidelines. The standard of law applied to such application is substantively unreasonable and an abuse of discretion. As appointed counsel threatned and warned, Sentencing court punished defendant for not withdrawing the objections and seeking mercey from court.

During Sentencing AUSA made use of perjured testimony from Hyre. and Hyre perjured throughout. Sentencing court was provided with doctored evidence, throughout the proceedings. Although rules of evidence are not applicable in sentencing proceedings. But use of fabricated and doctored evidence is unlawful and unconstitutional. Evidence of Screenshots are not admissible because they are doctored.

2.) ADMISSIBILITY OF SCREENSHOTS.

To understand the use of doctered evidence of these screenshots, one have to understand the foundation required to be layed in predicate. Evidence must also be relevent for it to be admitted. Authenticity is elemental to relevence. Authorship may be established for authentication purpose by way of wide range of extrinsic evidence. F.R.Evid 901(b) provides way for autenticating the evidence.

For the charges to sustain and enhancement to be applied, government need to prove that there exists four accounts on KIK interactive Service. Three accounts of defendant enticed, coerced, persuaded and induced one account of A.M. as alleged in count two and three on the date of march 30, 31 and April 1st of 2018. They existed in 2017 and interacted from Sepember, 2017 through May 2018. Each account was friends with A.M's account to facilitate the conversation.

3). Each of these accounts are evidence of regularly conducted business records or activities in Kik Interactive, admittable under F.R.Evid 803(6). Existence of these records is evidence that the matter recorded there in occurred. When a duty to record certain matter exists, the non-existence of a record is evidence for the converse proposition i.e that the matter about which there is no report did not occur. See Wigmore Evidence (ChadBourne rev 1974).

4) According to Fed.R.Evid 803(7), the advisory committee note states, the failure of a record to mention a matter, which ordinarily be mentioned is satisfactory evidence of its non-existence. Therefore it is only logical that if an account doesnot exists, one cannot converse with such an account or be friends with to begin. A Subpoena to Kik Interactive will lay matter to rest that such accounts donot exists. Therefore the Screenshots cease to exists. They exist only because they are doctored. Such screenshots cannot be authenticated under F.R.Evid 901.

5.) S.A. Hyre and AUSA were aware of this fact, because Hyre perjured during his testimony under oath in probable cause hearing, when questioned about the accounts, to lay foundations. Each of these screenshots must have been suppressed in motion for limine in trial. Appointed counsel should have held government to lay foundation during sentencing. Sentencing court even prompted counsel to do so.

6.) When an objection is made for an application of Enhancement, governments burden to proove the fact is triggered. It is no matter what is stipulated in factual basis. Because plea-agreement did not stipulate to acceptence of such enhancement. It is procedurally expected that Court rules on objection after hearing on arguements based on merit.

USE OF COMPUTER OR AN INTERACTIVE COMPUTER SERVICE.

7.) This enhancement 2G2.1. (b)(6)(B). was applied on both the counts two and three. When objected, government need to prove that a computer device or an interactive computer service was specifically used to entice, persuade, induce, coerce the minor during the commission of the crimes. Government must prove the 'use' was 'distinct' and caused seperate harm to each counts. If it cannot prove the use of a 'particular instrument (computer, phone, cellphone or smart phone) the enhancement is moot. On the other hand, if it cannot prove distinct and seperate harm, then the enhancement is impermissible double counting.

8.) If the government alludes to use of a "interactive service' used on a computer or smartphone that distinctly caused seperate harms in two different counts., the government must first need to lay the foundation of such services used; such interactive service was used by defendant on a particular device/instrument, owned/possessed by him. Barring that, such enhancement is moot.

9.) When objected by defense, government must provide sufficient evidence to sentencing court. Sentencing court must provide an opportunity to lawfully provide defense to such enhancement, legal arguements that form the basis for review a clear record for the appellate court. Overruling on its own without arguements is abuse of discretion., and violation of Fed. R.Cr. Pr 32(i)(3)(b). This enhancement is procedurally unreasonable and unconstitutional as applied because movent is actually innocent of this enhancement.

COMMISION OF SEXUAL ACT / SEXUAL CONTACT.

10.) This enhancement was levelled on count two and count three of the indictment. Chapter two of the guidelines, focussing on the Sexual exploitation of minors through "Pictures", provides that, "an offenders base Sentencing level should be enhanced by two, when the commission of Sexual Act or Sexual Contact occurs during 'visual depiction'.

11.) The sentencing commission and congress intent in the enhancement is to punish offenders additionally if there is Sexual contact or sexual act, a distinct harm caused during production of visual depiction. There are no other commentories to support the application of this enhancement.. The Sentencing court was not provided with any visual depiction to portray such conduct, where it could lawfully and legally overrule this objection.

12.) When the government possessed no evidence to support and sustain the conviction under count two 18: 2251 (a) & (e), government absolutely have no visual depiction to enhance such a conduct, on a basis implying that there is an unseen mysterious visual depiction, which depicts Sexual contact, an inference upon inference standard of proof.

13.) AUSA did not produce any visual depiction to support this enhancement. Sentencing court did not allow arguments on this enhancements., and its objections, overruled, and resolved this enhancement on its own violating Fed. R. Cr. Pr 32(i)(3)(B). This enhancement as applied is unconstitutional.

SADISTIC AND/OR MASOCHISTIC CONDUCT.

14.) Chapter two of the guidelines, notes, if the Portrayal depicts sadistic or masochistic conduct, increase the offense level by four. There is no other application notes to say the conduct was painful or other interpretations. This enhancement when applied on count two, i.e. §2251(a) and (e), should be supported by an evidence sufficient to show a visual depiction of this conduct. The meaning of "Portray" according to Merriam Webster's dictionary means "to depict", "to make a picture of" an ordinary regular meaning of everyday English, language.

15.) When there were no visual depictions to portray any child pornography of the underlying charge of count two § 2251, and certainly, no visual depictions were presented to Sentencing Court portraying such conduct, Court relied on self-serving testimony, not of the accuser, but that of investigating agent Hyre that a phallic device was used and thus it warranted the application. Such reliance is unfounded, unreasonable and abuse of courts discretion.

16.) Movant was able to locate 135 unique cases, ~~that~~ where this enhancement was successfully applied on §2251(a) & (e). Except instant case, every one of them cases, had a supporting visual depiction that portrayed sadistic and/or masochistic conduct. Such application of enhancement in instant case is disparate and unreasonable.

17.). This enhancement violates Sixth Amendment rights and Supreme court rulings under Alleyne. Because it was neither stipulated nor admitted by defendant. or proven beyond reasonable doubt. This enhancement is also prosecutorial misconduct as admonished by Sentencing court (ECF-99 at 25)

**GROUND** SIX: THERE IS A PATTERN OF PROSECUTORIAL MISCONDUCT AND CONSPIRACY TO FRAUD UNITED STATES

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

There is a pattern of Prosecutorial Misconduct throughout the conviction including that of Appellate procedure rendering the conviction unconstitutional. These misconducts occured in a) Preliminary Hearing - where AUSA knowingly suborned perjury from Hyre and knowingly presented fabricated evidence in court. b) Grand-Jury Proceedings - as appropriatly alleged in ground 2 of this motion at 6. c) Plea-Proceeding - as appropriately alleged in ground 3 of this motion at 8. d) Proffer-Stage - where AUSA and the Special Agents masqueraded as members of Special Counsel Robert Mueller's team in order to solicit and derail a proffer, they weren't even cleared of; there by defrauding united states, the court machinery itself and obstructed the execution of Justice in a manner that screams of partisan politics and improper motivation.
e) Plea-Withdrawal opposition - By falsely informing the district court about the outcome of proffer to fraud the judicial machinery.
f). At Sentencing - for continued suborning perjury from Hyre and Essary. Counsel for united states during Appellate procedure, continued the same set of lies knowingly, that AUSA propogated in trial court. Appellate court based its findings on the exact-set-of-lines, knowingly choosen by AUSA to mislead the court. This influence of these AUSA's are relevant under the findings made by sentencing court and Appellate court.
→ When assessing this ground, district court should consider the findings of OPR, OIG and FBI's investigation division. In the interim petitioner will present evidence to these allegations seperately as exibibits in Appendix, probably under seale.

(b) Did you present the issue raised in Ground One to the court of appeals? Yes ☐ No ☒

(c) If you did not raise this issue in a direct appeal, explain why: It is appointed counsel's reasoning that such an issue is precluded by plea-agreement's 'Appeal waiver' and such issues are not germaine to his appellate representation. Appellate counsel's stratic choice of considering Rule 11(b)(1)(M) violation is more valuable claim than this claim. He claims this ground was not claimed in trial court, but doesn't offer explaination as to why he didn't claim these violations in trial court in motion to withdraw guilty pleace). Defendant made this claim in prose but was not accepted by Appellate court due to the fact he was appointed a councel. Defendant even made these claims in petition for Re-hearing which was denied.

GROUND SEVEN: COUNT TWO (18: 2251 (a) & (e)) AND COUNT THREE (18:2422(b)) ARE UN-CONSTITUTIONAL AS APPLIED. DEFENDANT IS ACTUALLY INNOCENT OF ALL COUNTS, FACTUALLY, WHEN DOCTORED EVIDENCE ARE PRECLUDED FROM RECORD.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.): RE-ALLEGING GROUNDS ONE THROUGH SIX AND INCORORATING THEM ALL, Both the counts are unconstitutional as applied because a) In count two government is authorized to regulate interstate commerce of visual depiction that portray a minor in Sexually Explicit Conduct. If accused doesn't produce such visuals or such visuals do not exists, government power ceases to exit and there is no tangible fact to constitute a charge. The 2251 (a) charge punishes those who are accused of exploiting a minor for the purpose of producing the visual depiction. 2251(e) can be charged only on individuals with previous conviction of §2251 (a)-(d). This is defendants first conviction. There is simply no conduct that violated §2251(a) and (e). b) Count three of the indictment a statute under §2422(b) punishes an accused who uses a facility or means of interstate foreign commerce to entice[], induce[], persuade[], or coerce[] a minor of that particular State to engage into a sexual-activity forbidden by that State's laws. The Statute §2422(b) doesn't forbid "sexual-activity", it forbids "enticement of sexual activity" for which anyone can be punished by an offense. Once the regularly kept business records for the four accounts in KiK are subpoened, under F.R.E 803(7) (absence of records of Regularly conducted activity) will conclusively and effectively prove and forbid any and all the screenshots in the record under Hearsay laws and Fabrication. If there aren't any communications of any sort, then the charge of §2422(b) cannot sustain. A charge under §2422(b) requires defendant to attempt or cause an accent on the part of the minor to engage into forbidden activity of the state through means of Interstate or foreign commerce. Absent the regularly kept business records is a effective and conclusive proof admitted to prove the matter did not occur or exist. No rational trier of fact finder would convict defendant guilty of these crimes if record is cleared and devoid of evidence. A self serving testimony without supporting evidence is just that. A "self-serving-testimony". It calls into question the government power to constitutionally prosecute defendant, for a conduct not cognizable under the statutes.

(b) Did you present the issue raised in Ground Three to the court of appeals? Yes ☐ No ☒

(c) If you did not raise this issue in a direct appeal, explain why: First appointed counsel fails to make this argument in district court despite Supreme Court rulings under class v. United states. Appellate counsel then claims this ground is precluded by "Appeal waiver" in the plea-agreement. He claims this ground is not germaine to his appellate representation. But doesn't explain why he didn't claim this in trial procedure when moving to withdraw guilty plea(s).

**GROUND**. EIGHT COMPLETE FAILURE AND TOTAL VIOLATION OF SIXTH AMENDMENT RIGHT TO COUNSEL.

(a) Supporting FACTS (Do not argue or cite law. Just state the specific facts that support your claim.):

→ REALLEGING GROUNDS ONE THROUGH SEVEN AND INCORPORATING THEM ALL,

→ Petitioner was deprived the effective assistance of counsel by his attorney(s) failure to investigate, suppress evidence, present evidence critical to defense as alleged in grounds one through seven individually. Each individual and cumulative effect of errors in grounds one through seven rendered this conviction and appellate procedure fundamentally unfair and mandates the reversal. There was a systemic and deliberate effort to ruin the cause by both counsels. Both the counsel's entirely failed to subject the prosecutions case to a meaningful adversarial testing.

→ The advice to plead guilty to charges which had no evidentiary support; was a self-serving testimony, despite hiring a forensic computer specialist and expert fell below objective standards required of criminal defense attorneys. Such advice cannot be claimed under strategic choice. There was no plea-negotiation nor was there a plea-deal per-say. What was there was coercion and deception.

→ For appointed counsel to turn against his client sets the lowest bar in deficient performance. His appellate strategy to choose grounds of appeal are in direct contrast with grounds alleged in this petition. Its a demonstration of his deficient performance on its own.

→ Appointed counsel's outright refusal to file motion under Rule 33 and 34 upon express instruction by client is an egregious conduct and disservice to a defendants Sixth Amendment right to constitution.

(b) Did you present the issue raised in Ground Four to the court of appeals? Yes ☐ No ☒

(c) If you did not raise this issue in a direct appeal, explain why:

Ineffective assistance claims are better brought under §2255 habeas corpus proceedings under the guidance provided by Supreme court.

AO 243 (Rev. 09/17)

14. Do you have any motion, petition, or appeal now pending (filed and not decided yet) in any court for the you are challenging? Yes ☐ No ☒

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

— N/A —

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At the preliminary hearing:

(b) At the arraignment and plea: MARK. J. O'BRIEN [O'BRIEN, HATFIELD & REESE P.A] BAYSHORE CENTER, 511 WEST BAY STREET, SUITE 330. TAMPA, FL 33606.

(c) At the trial:

(d) At sentencing: SEAN. M. WAGNER [WAGNER & WAGNER P.A] 1900 SOUTH HARBOR CITY BLVD SUITE 124 - MELBOURNE, FL 32901

(e) On appeal: SEAN. M. WAGNER [WAGNER & WAGNER P.A]. 1900 SOUTH HARBOR CITY BLVD SUITE 124, MELBOURNE, FL 32901

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

— N/A —

16. Were you sentenced on more than one court of an indictment, or on more than one indictment, in the same court and at the same time? Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes ☐ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

— N/A —

(b) Give the date the other sentence was imposed: — N/A —

(c) Give the length of the other sentence: — N/A —

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future? Yes ☐ No ☐

AO 243 (Rev. 09/17)

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

The conviction became final on November|9th|2020. This motion is timely as filed.

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

AO 243 (Rev. 09/17)

Therefore, movant asks that the Court grant the following relief:

_______________________________________________

or any other relief to which movant may be entitled.

_______________________________
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on April 18th 2021. .
(month, date, year)

Executed (signed) on April 18th 2021 (date)

_______________________________
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.