# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**v.**                                          **Case No. 6:18-cr-131-Orl-41LRH**

**DEEPAK DESHPANDE**

### UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO COMPEL THE FILING AND SERVING OF RECORDS PERTAINING TO THE PROPERTY'S STATUS

The United States responds in opposition to the defendant's Motion for Leave to Compel the Filing and Serving of Records Pertaining to the Property's Status, in which the defendant seeks an order compelling the United States to produce records pertaining to the status of property seized and/or forfeited in this case "so that the record is accurate and complete for the Court's disposition" of the defendant's pending motion for return of property (Doc. 119). Doc. 127. Because the defendant's motion for return of property fails on multiple legal and equitable grounds, as more fully set forth in the United States' response (Doc. 122), records pertaining to the current status of the assets are not necessary for the Court to resolve the defendant's motion. To the extent the Court finds the current status of the assets to be relevant to any issue before it, the assets continue to be held by the

government as evidence and will not be disposed of until after the defendant's motion to vacate pursuant to 28 U.S.C. § 2255 is resolved. Moreover, the defendant does not provide any legal authority that would require the Court to enter an order compelling the United States to serve or produce the records requested; indeed, at this stage, such an order would not be appropriate. As result, the defendant's motion should be denied. In support, the United States provides the following memorandum of law.

**MEMORANDUM OF LAW**

**I.   Procedural History**

1.     On June 6, 2018, the defendant was charged in a four count Indictment.  Doc. 8.  In pertinent part, Count Two charged the defendant with production of child pornography, in violation of 18 U.S.C. § 2251(a).  Count Three charged the defendant with enticement of a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b).  As a result of the offenses charged in Counts Two and Three, the United States sought the forfeiture of any property, real or personal, used or intended to be used to commit or to promote the commission of such offense.  Specifically, the United States sought to forfeit: 1) a Canon video camera - Vixia HSX200; 2.) A Nikon D810 still camera; and 3). A Lumix DMC-GH4 still camera.  *Id*. at 5.

2.      On October 26, 2018, the United States and the defendant entered into a plea agreement.  Doc. 38.  In paragraph 10 of his plea agreement, entitled "Forfeiture of Assets," the defendant agreed that the three cameras described above were used to commit the offenses charged in Counts Two and Three.  *Id.* at pp. 9 & 31.  The defendant further agreed to "waive all constitutional, statutory and procedural challenges . . . to any forfeiture carried out in accordance with [the] Plea Agreement on any grounds . . .".  *Id.* at 10.

3.      In addition to agreeing to the forfeiture of the three cameras referenced above, the defendant further agreed in his Plea Agreement to abandon his interest in the following phones and computer equipment: 1) Black iPhone X; 2) White iPhone X; 3) iPhone SE – IMEI 355800079265660; 4) Black iPhone Plus – IMEI 866265036974592; 5) Macbook Pro, serial no. CO2KGONUFFT3; 6) iPhone Silver, model A1660; 7) San Disk 32GB compact flash card with reader; 8) Four Lexar Professional 64 GB SD cards; 9) LX Series 64 GB SD card; 10) Lexar Platinum II 32 GB SD card; 11) SanDisk Micro SD adaptor; 12) Kingston 32 GB SD card; and 13) LX Series 32 GB SD card.  *Id.* at 14.  The defendant admitted that the phones and computer equipment were either subject to forfeiture to the government according to 18 U.S.C. §§ 2253 or 2254, and/or constituted evidence, contraband, or fruits of the crime for which the defendant had pled guilty.  *Id.*

3

at 10. Importantly, the defendant admitted that these assets were properly seized by the Federal Bureau of Investigation (FBI), and that the assets could be destroyed by the FBI. *Id.*

4.    At the defendant's change of plea hearing, the Court specifically reviewed with the defendant the items to be forfeited and abandoned. Doc. 64 at pp. 8-9. The Court accepted Defendant's plea, adjudicated him guilty, and sentenced him to, among other things, to life in prison. Docs. 39 & 91.

5.    Prior to sentencing, the defendant filed a motion to withdraw his guilty plea, in part, because he claimed that he never actually read his plea agreement. Doc. 75. At sentencing, the Court denied the defendant's request to withdraw his guilty plea (in part) because the Court found that the defendant had read and understood the plea agreement and had reviewed the agreement with his attorney. Docs. 82 & 99 at pp. 3–12.

6.    Forfeiture was discussed at sentencing (Doc. 99 at 175) and included in the Judgment. Doc. 91.

7.    The Court entered a separate Final Judgment of Forfeiture vesting title to the three cameras in the government. Doc. 96.

8.    The defendant appealed the Court's denial of his motion to withdraw his guilty pleas; however, the Eleventh Circuit affirmed the defendant's sentence. Doc. 112; *United States v. Deshpande*, 808 F. App'x 834

(11th Cir. 2020) (per curiam). The Eleventh Circuit specifically found that the defendant had read his plea agreement, and that his plea was knowing and voluntary. *Id.*

9.      The defendant did not appeal the order of forfeiture for the three cameras, the forfeiture provision of his judgment, or his agreement to allow the FBI to destroy the phones and computer equipment. *See* Doc. 112.

10.     On April 15, 2021, the defendant filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (2255 motion). Doc. 117. Among other arguments, defendant again argued that his guilty plea was "involuntary, not knowing and violated due process." Doc. 117.

11.     As a result of defendant's appeal and subsequent 2255 motion, the FBI has continued to hold as evidence, and have not yet disposed of, the three forfeited cameras and the abandoned phones and computer equipment referenced above.

12.     On April 20, 2023, the defendant filed a *pro se* motion for return of property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, seeking the return of the three cameras, phones, and computer equipment. Doc. 119.

13.     On May 3, 2023, the United States filed its response. Doc. 122. In the response, the United States argued that the Defendant's motion for

5

return of property should be denied because Defendant entered into a plea agreement in which he agreed to the forfeiture and abandonment of the property, and thus did not have a possessory interest in the property. *Id.* The United States further argued that it would be inequitable to disregard the terms of the plea agreement now, after defendant received the benefits the plea agreement preferred. *Id.* Moreover, the United States argued that defendant lacks clean hands, given he admitted in his plea agreement that the property was subject to forfeiture and used in the commission of the offenses to which he pled guilty. *Id.* Finally, the United States rejected defendant's suggestion that he lacked notice of the forfeiture or abandonment based on the case record. *Id.* On June 8, 2023, defendant filed a reply to the United States' response. Doc. 128.

14.    On June 5, 2023, defendant filed the instant motion seeking to compel the United States to file and serve records pertaining to the status of property seized and/or forfeited (*i.e.*, the forfeited and abandoned assets referenced above). Doc. 127. The defendant seeks an order compelling the United States to produce these records "so that the record is accurate and complete for the Court's disposition" and because he is concerned about the assets' status. *Id.*

6

II.    Legal Argument

   A.    Records Relating to the Status of the Forfeited and Abandoned
         Assets Are Not Relevant to the Disposition of Defendant's
         Motion for Return of Property

   In his motion, the defendant argues that records relating to the status of

the forfeited and abandoned assets are relevant to the disposition of the

defendant's motion for return of property. The defendant also expresses

concern about the current status of the forfeited and abandoned assets, noting

that damage to the property would "cause significant financial loss and

prejudice to his judicial claim." Doc. 127. However, as set forth in the United

States' response, the defendant is not entitled to the return of the assets

because he disclaimed any interest he had in those assets when he signed his

plea agreement, and such agreement should be upheld;[1] and, furthermore, it

would be inequitable to return the assets to the defendant in light of the

defendant's unclean hands based on the fact that he used the forfeited and

---

[1] While the defendant argues that his guilty plea was without knowledge and involuntary in his pending 2255 motion, these arguments have already been rejected by the district court once before, and by the Eleventh Circuit. A 2255 motion cannot be used to relitigate questions that were raised and decided on direct appeal. *Stoufflet v. United States*, 757 F.3d 1236, 1239 (11th Cir. 2014) ("It is long settled that a prisoner is procedurally barred from raising arguments in a motion to vacate his sentence, 28 U.S.C. § 2255, that he already raised and that we rejected in his direct appeal."); *id.* at 1242 ("We conclude that [defendant] is procedurally barred from relitigating the voluntariness of his plea in a motion to vacate his sentence because he already raised that issue in his direct appeal.").

abandoned assets to commit his crimes. Thus, the current status of these assets is immaterial, as defendant has no interest in the property and the assets should not be returned to him. Even so, the government will continue to hold the assets as evidence until the Court rules on the defendant's pending 2255 motion.

### B.  Ordering the Production of Records Relating to the Status of the Forfeited and Abandoned Property Is Not Proper Under the Federal Rules

The defendant's motion should also be denied because the law he cites does not require the Court to grant the relief he seeks. To support his motion, the defendant cites to Rules 5(a)(1)(B) of the Federal Rules of Civil Procedure, which addresses when service of pleadings and other papers are required, including pleadings filed after the original complaint. Fed. R. Civ. P. 5(a)(1)(B). The defendant also cites to Rule 7(a)(2), which lists all of the allowed pleadings, including an answer to a complaint. Fed. R. Civ. P. 7(a)(2). In addition, the defendant cites Rule 10(c), which states that "[a] statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion" and that "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). These rules simply do not support the entry of an order compelling the United States to file and serve records showing the status of the

forfeited and abandoned assets, and defendant misinterprets the meaning and purpose of the civil rules he cites.

Although not cited by the defendant, Rule 37 of the Federal Rules of Civil Procedure authorizes a party to move to compel a discovery response, *see* Fed. R. Civ. P. 37; however, the defendant has not served any discovery on the United States such that a motion seeking an order to compel the United States to produce documents is premature. Moreover, to the extent the defendant requests an order compelling the United States to produce a copy of the "forfeiture complaint," such document does not exist because the three cameras were forfeited in his criminal case and not through a separate civil forfeiture action.

The defendant also relies on Federal Rule of Evidence 106, which states that "[i]f a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part — or any other writing or recorded statement — that in fairness ought to be considered at the same time." Fed. R. Evid. 106. However, the Court has not held a hearing on the defendant's motion for return of property, and the United States has not introduced any "writing or recorded statement" into evidence in support of its position on the defendant's motion for return of

property. Thus, again, the defendant's instant motion is procedurally misplaced.

## III.   Conclusion

Accordingly, for the reasons above, the United States respectfully requests that the Court deny the Defendant's Motion for Leave to Compel the Filing and Serving of Records Pertaining to the Property's Status.

Dated:  June 21, 2023                    Respectfully Submitted,

ROGER B. HANDBERG
United States Attorney


By:   s/Nicole M. Andrejko
NICOLE M. ANDREJKO
Assistant United States Attorney
Florida Bar Number 0820601
400 W. Washington St., Ste. 3100
Orlando, Florida 32801
(407) 648-7500 – telephone
(407) 648-7643 – facsimile
E-mail: nicole.andrejko@usdoj.gov
Assistant United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 21, 2023, I mailed a copy of the foregoing via U.S. Mail to defendant Deepak Deshpande at U.S.P. Tucson, P.O. Box No. 24550, Tucson, AZ 85734.

*S/Nicole M. Andrejko*
NICOLE M. ANDREJKO
Assistant United States Attorney