# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA**

**VS.**                                          **CASE NO: 6:18-cr-131-CEM-LHP**

**DEEPAK DESHPANDE**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR RETURN OF PROPERTY SEIZED WITHOUT WARRANT (Doc. No. 119)** |
| **FILED:** | **April 20, 2023** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED.**

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO COMPEL THE FILING AND SERVING OF RECORDS PERTAINING TO THE PROPERTY'S STATUS (Doc. No. 127)** |
| **FILED:** | **June 5, 2023** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED as moot.**

## I.      BACKGROUND

On June 6, 2018, a grand jury indicted Defendant Deepak Deshpande on four counts: receipt of child pornography (Count I), production of child pornography (Count II), enticement of a minor to engage in sexual activity (Count III), and using the Internet as a means of interstate commerce to entice a minor to engage in sexual activity (Count IV).   Doc. No. 8.   *See also* Doc. No. 1 (criminal complaint).   The Indictment informed Defendant that upon conviction, the United States intended to seek forfeiture under 18 U.S.C. § 2253 of, among other things, "[a]ny property, real or personal, used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property."   Doc. No. 8, at 4.   In particular, the Indictment listed a Black iPhone X, a White iPhone X, an iPhone SE, a Black iPhone Plus, a Canon video camera, a Nikon D810 still camera, a Lumix DMC-GH4 still camera, a MacBook Pro, and an iPhone Silver.   *Id.*, at 5.

Defendant executed a plea agreement on October 25, 2018.   Doc. No. 38. Under the terms of the plea agreement, Defendant agreed to voluntarily forfeit "any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. §§ 2253 and 2428, whether in the possession or control of the United States, the defendant, or defendant's nominees."   *Id.*, at 9.   The plea agreement specifically mentions the Canon video camera and the Nikon and Lumix cameras, but later notes Defendant "agrees that the United States is not limited to forfeiture

- 2 -

of the property specifically identified for forfeiture in this Plea Agreement."   *Id.*, at 9, 11–12.

The plea agreement further states that Defendant "agrees to waive all constitutional, statutory and procedural challenges (including appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment."   *Id.*, at 10.   The plea agreement also states that the United States and Defendant "agree that any computer equipment as defined in 18 U.S.C. § 2256, seized from the defendant and currently in the custody and/or control of the Federal Bureau of Investigation or other appropriate agency, were properly seized and are subject to forfeiture according to 18 U.S.C. §§ 2253 or 2254, and/or that the computer equipment and peripherals constitute evidence, contraband, or fruits of the crime for which he has pled guilty."   *Id.*, at 13.   In addition, Defendant agreed to "relinquish[] all claim, title and interest he has in the computer equipment and peripherals to the United States of America . . . ."   *Id.*, at 13.   Defendant agrees, under penalty of perjury that he is the owner of, and has voluntarily abandoned any right or claim and consents to the destruction of the following items:   a Black iPhone X, a White iPhone X, an iPhone SE, a Black iPhone

- 3 -

Plus, a MacBook Pro, and an iPhone Silver, a SanDisk 32GB complact flash card, four Lexar Professional 64GB SD cards, a LX Series 64GB SD card, a Lexar Platinum II 32 GB SD card, a SanDisk micro SD adapter, a Kingston 32GB SD card, and an LX Series 32GB SD card.[1]   *Id.*, at 14.

The United States sought a preliminary order of forfeiture of the Canon video camera and the Lumix and Nikon cameras, which the Court granted on February 25, 2019.   Doc. Nos. 59, 60.   On April 10, 2019, the Court sentenced Defendant to a term of imprisonment for life, and ordered forfeited those assets listed in the preliminary order of forfeiture.   Doc. No. 86.   Judgment was entered accordingly on April 16, 2019.   Doc. No. 91.   And on May 1, 2019, the Court entered a final judgment of forfeiture on the Canon video camera and the Lumix and Nikon cameras.   Doc. No. 96.[2]

Defendant now requests the return of all property seized.   Doc. Nos. 119; 119-1.   In the motion, Defendant raises a host of challenges to the United States' investigation, his arrest, indictment, and conviction, and claims the forfeited and seized property "is evidence of fraud and legal malpractice" but not contraband,

---

[1] The Court reminded Defendant of his forfeiture and abandonment of this property during Defendant's change of plea hearing.   Doc. No. 64, at 9.

[2] Defendant appealed his judgment, and the Eleventh Circuit affirmed.   Doc. Nos. 93, 112, 115.   The Supreme Court also denied certiorari.   Doc. No. 116.   Defendant did not appeal any forfeiture issues.

and Defendant needs his property to defend against his conviction. *Id.* The United States has filed a response, arguing that the motion should be denied because Defendant abandoned any possessory interest he may have in the property at issue and/or he agreed to the forfeiture and abandonment of the property in his plea agreement, which should be enforced. Doc. No. 122. In his authorized reply, Defendant reiterates his prior arguments, and attempts to attack the validity and enforceability of his plea agreement, as well as argue that the failure to challenge his plea agreement in prior proceedings was due to ineffective assistance of counsel and lack of adequate advance notice of the forfeiture proceedings. Doc. No. 128. *See also* Doc. No. 131 (affidavit filed by Defendant in support of his motion).

The motion is therefore fully briefed and has been referred to the undersigned. Upon consideration, the undersigned will respectfully recommend that the motion be denied.

## II.   ANALYSIS

Rule 41(g) provides that "[a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed. R. Civ. P. 41(g). When a property owner "invokes Rule 41(g) after the close of all criminal proceedings, the court treats the motion for return of property as a civil action in equity." *United States v. Howell*, 425 F.3d 971, 974 (11th Cir. 2005).

To invoke Rule 41(g), the defendant must first show he had a possessory interest in the seized property. *Howell*, 425 F.3d at 974. Second, "in order for a district court to grant a Rule 41(g) motion, the owner of the property must have clean hands." *Id.* (citation omitted). "The unclean hands doctrine proscribes equitable relief when . . . an individual's misconduct has 'immediate and necessary relation to the equity that he seeks.' The doctrine might apply, for example, if a felon requests the return or transfer of property used in furtherance of his offense." *Henderson v. United States*, 135 S. Ct. 1780, 1783 (2015) (internal citation omitted). Equitable jurisdiction "must be exercised with caution and restraint" and is appropriate only when necessary to "prevent manifest injustice" considering the Defendant's conduct and the merits of his request. *United States v. Martinez*, 241 F.3d 1329, 1331 n.2 (11th Cir. 2001).

Defendant's motion fails at the first step — he fails to establish a possessory interest in the property for which he seeks return. The Canon video camera, and the Lumix and Nikon cameras have already been condemned and forfeited to the United States in accordance with the Court's judgment and orders of forfeiture. *See* Doc. Nos. 60, 91, 96. Defendant thus cannot regain possession of those devices. *See United States v. Guerra*, 426 Fed. A'ppx. 694, 697-98 (11th Cir. 2011) (neither Rule 60(b), Rule 41(g) nor the All Writs Act may be used to challenge a criminal forfeiture

order; the remedy is direct appeal);[3] *United States v. Chavez*, No. 5:07cr55/RS, 2011 WL 13193012, at *1 (N.D. Fla. Apr. 13, 2011) (denying defendant's Rule 41(g) motion for return of seized property where defendant "did not avail himself of earlier opportunities under the law to contest the forfeiture of the property."); *United States v. Menendez*, No. 99-755-CR, 2007 WL 9724906, at *3 (S.D. Fla. Mar. 30, 2007), *report and recommendation adopted*, No. 99-755-CR, 2007 WL 9724907 (S.D. Fla. Apr. 18, 2007) (denying motion for return of property under Rule 41(g) where defendant could not demonstrate a possessory interest in the certain U.S. currency because he expressly agreed to forfeit the currency as part of his plea agreement, and defendant failed to challenge this on appeal).   *See also United States v. Wilcox*, No. 8:07–cv–163–T–27EAJ, 2010 WL 378309, at *1-2 (M.D. Fla. Jan. 26, 2010) (remedy for criminal forfeiture is direct appeal; defendant who did not appeal the forfeiture cannot use Rule 41(g) to re-litigate the issue in the district court).

Furthermore, though the judgment and orders of forfeiture do not explicitly include forfeiture of the iPhones, SD cards, and MacBook, Defendant's plea agreement states Defendant has "voluntarily abandon[ed] all right and claim to and consents to the construction of" those devices and SD cards.   Doc. No. 38, at 14.

---

[3] "Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants."   *Bonilla v. Baker Concrete Constr., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

This is sufficient to establish Defendant no longer has a possessory interest in the iPhones, SD cards, and MacBook. *See United States v. Prat*, 584 F. App'x. 921, 924 (11th Cir. 2008) (concluding defendant lost possessory interest in property where defendant agreed as part of plea agreement that "listed properties were subject to forfeiture and agreed to give up all interest in them," where defendant at his plea hearing "voluntarily pled guilty and explicitly affirmed that he was relinquishing any interest in the properties."); *Bastian v. United States*, No. 8:17cv309, 2019 WL 1040983, at *5 (D. Neb. Mar. 5, 2019) (defendant "waived any claims he might have regarding the property seized by law enforcement" by signing plea agreement where defendant agreed "to forfeit and abandon any and all claim to items seized by law enforcement," to "waive[] any and all right to this property," and "not to contest that forfeiture or abandonment of this property.").

Defendant's arguments challenging the enforceability and/or validity of his plea agreement are unavailing at this stage of the case. His conviction and sentence have been affirmed, and his guilty plea and plea agreement upheld. Doc. No. 112. His claims of inadequate notice are belied by the plain language of the plea agreement, and the fact that these forfeitures were addressed with Defendant directly at his change of plea and sentencing hearings. Doc. No. 38, at 10; Doc. No. 64, at 9; Doc. No. 86. Any other arguments Defendant raises appear to go towards challenges on his conviction and sentence, which have either been addressed by the

Court of Appeals or are not appropriate considerations in the present motion. *See* Doc. No. 112. And because Defendant's motion for return of property has no legal basis and is due to be denied, the undersigned will further recommend that his motion to compel records relating to this property (Doc. No. 127) be denied as moot.

## III.   RECOMMENDATION

For these reasons, it is **RESPECTFULLY RECOMMENDED** that Defendant's motion for the return of his property (Doc. No. 119) be **DENIED**, and Defendant's motion for leave to compel the filing and serving of records pertaining to the property's status (Doc. No. 127) be **DENIED AS MOOT.**

### NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 3, 2024.

Leslie Hoffman Price
_____
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

- 9 -

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy